**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Linda Tirado,

        Plaintiff,

    vs.

City of Minneapolis; Minneapolis Chief of
Police Medaria Arradondo, *in his official
capacity*; Robert Kroll, *in his individual
capacity*; and Minneapolis Police
Department Officers John Does 1-4, *in
their official and individual capacities*,

        Defendants.

Case No. 20-CV-01338 (JRT-ECW)

**PROTECTIVE ORDER**

This case is before the Court on the parties' Stipulation for a Protective Order
(Dkt. 65).  Having considered the Stipulation, and for good cause shown, **IT IS
ORDERED THAT** the following will govern discovery in this matter.

    1.    **Designating a Document or Deposition as Confidential.**

    a.    The Parties shall have the right to designate as "Confidential" information,
documents or portions of documents that they believe in good faith qualify for such
confidentiality protection under applicable law, including the Minnesota Government
Data Practices Act.  The Parties shall designate such information, documents or portions
of documents as "Confidential" or "Confidential – Attorneys' Eyes Only" by
conspicuously marking the document or portions of the documents: "Confidential" or
"Confidential – Attorneys' Eyes Only".

b.      The Parties shall have the right to designate as "Confidential – Attorneys' Eyes Only" information, documents or portions of documents that they believe in good faith  are extremely sensitive such that disclosure to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means.  The Parties shall designate such information, documents or portions of documents as "Confidential – Attorneys' Eyes Only" by conspicuously marking the document or portions of the documents: "Confidential – Attorneys' Eyes Only".

c.      If counsel for the Parties wish to use or inquire about Confidential documents or information derived from them ("Confidential Materials") during a deposition, the portion of the deposition transcript that relates to the Confidential Materials may be designated as "Confidential," or "Confidential – Attorneys' Eyes Only," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential subject to the provisions of this stipulated Protective Order. Deposition testimony may be designated as confidential on the record at the deposition or, after the deposition, by promptly notifying the Parties and those who were present at the deposition.

d.      If properly requested through discovery, responsive and non-privileged, Defendants City of Minneapolis and Medaria Arradondo will produce the following categories of documents after first designating as Confidential or Confidential-Attorneys' Eyes Only pursuant to the terms of the Protective Order those portions or the entirety of such documents that the producing party believe in good faith qualify for confidentiality protection under applicable law:

      i.      Minneapolis Police Department personnel files;

      ii.     Minneapolis Police Department Internal Affairs records;

      iii.    Minneapolis Civilian Review Authority and Office of Police

Conduct Review records; and

      iv.    Body worn camera video footage.

2.    **Who May Receive a Confidential Document.**

a.    A confidential document may only be used in this Action.

b.    No person receiving a confidential document may reveal it, except to**:**

"Qualified Persons" as defined herein.  "Qualified Persons" are:

      i.      The Court and its staff ;

      ii.     The Parties (unless designated as "Confidential - Attorneys' Eyes

             Only");

      iii.    Counsel to the Parties and the paralegal, clerical, and secretarial staff

             employed by such counsel;

      iv.    Expert witnesses retained by the Parties and their staff;

      v.     Court reporters employed in connection with any deposition in the

             Action;

      vi.    The following persons if and only to the extent necessary to obtain

             or facilitate settlement authority on behalf of the City of

             Minneapolis: elected or appointed officials, management-level

             employees of the City of Minneapolis, and any other employee of

             the City of Minneapolis;

  vii. Mock jurors or consultants retained by the Parties and their staff; such mock jurors or consultants shall be informed that they are bound by a Protective Order, requiring that Confidential Materials be held in confidence and shall not disclose the Confidential Materials to anyone who is not a Qualified Person within the meaning of this Stipulated Protective Order; and

  viii. Any other person who the Parties agree to in writing.

 c. Confidential Materials shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph (ii) below.

  i. If Confidential Materials, including Confidential or Attorneys' Eyes Only portions of deposition transcripts, are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential" or "Attorneys' Eyes Only," and filed under seal in accordance with the procedures set forth in Local Rule 5.6.

  ii. Nothing contained in this stipulated Protective Order shall preclude a Party from showing any Confidential Materials to any third-party witnesses, either during a deposition or a trial, provided that:

   a. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

   b. The actual or potential witness may not be given a copy of any Confidential Materials to take with him, her, or they; and,

4

c. The actual or potential witness shall be provided a copy of this stipulated Protective Order and be advised that it is applicable to him, her or they.  Such actual or potential witness and his, her, or their attorney shall be informed that they are bound by the Stipulated Protective Order, requiring that Confidential Materials be held in confidence and shall not disclose the Confidential Materials to anyone who is not a Qualified Person within the meaning of this stipulated Protective Order.

d. Nothing in this stipulated Protective Order shall be deemed to waive a Party's right to object to the presentation of Confidential Materials to third-party witnesses.

**3.     Use of a Confidential Document in Court.**

a.     Filing.  This stipulated Protective Order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with Local Rule 5.6.

b.     Presentation at a hearing or trial.  A party intending to present another Party's or non-party's Confidential or Confidential – Attorneys' Eyes Only document at a hearing or trial must promptly notify the other Party or non-party so that the other party or the non-party may seek relief from the Court.  Nothing herein shall be construed to affect in any way any Party's right to object to the admissibility of any document, information, testimony, or other evidence at trial.

4.      **Changing a Confidential Document's Designation**

a.      Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

b.      Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

c.      Changing a designation by court order.  A party who cannot obtain agreement to change a designation may request the designating party agree to informal dispute resolution before the Magistrate Judge, or may move for an order changing the designation.  In any such request or motion seeking to change a designation, any party may challenge an interpretation or application of any applicable law, including the Minnesota Government Data Practices Act.  If the dispute affects a document produced by a non-party, then that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfied Fed. R. Civ. P. 26(c).

5.      If a Party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, that Party shall give the other parties at least ten (10) days' notice before producing any such Confidential Materials.

6.      Within sixty (60) days of the termination of this litigation, counsel shall destroy or return all Confidential Materials and copies thereof to the producing Party.  No Confidential Materials may be used for any other purpose other than for this Action.

7.    The designation of any document, information, or thing as Confidential under this Stipulated Protective Order is for purposes of this Protective Order only, and shall not be used for the purpose of interpreting other legal or substantive issues raised in this Action apart from the application of this Protective Order.

8.    Any Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

9.    No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

10.    The obligations imposed by this Protective Order shall survive the termination of this Action.


Dated:  April 6, 2021                    _s/Elizabeth Cowan Wright_
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge