UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Tirado,<br><br>    Plaintiffs,<br><br>v.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his official capacity*; Robert Kroll, *in his individual capacity*; and Minneapolis Police Department Officers John Does 1-4, *in their individual and official capacities*,<br><br>    Defendants. | Case No:   20-CV-01338 (JRT/JFD)<br><br>**DEFENDANT ROBERT KROLL'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER** |

## INTRODUCTION

The instant case was served and filed in District Court on June 10, 2020. ECF No. 1. The parties met and a Rule 26(f) Planning Report was submitted to the Court on March 30, 2021 which included an agreed upon scheduling order. ECF 71. A Pretrial Conference was held and a scheduling order was ordered by Magistrate Judge Wright on April 7, 2021. ECF No. 74. The Parties stipulated to amend the April 7, 2021 scheduling order and said order was signed August 20, 2021. ECF No. 86. The Parties again agreed and stipulated to amending the scheduling order, which the Court approved, on October 21, 2021 further extending deadlines. ECF No. 96. Plaintiff now seeks to further amend

1

the scheduling order and modify the scheduling order's discovery deadlines to extend deadlines an additional six months beyond those listed in the October 21, 2021 Order.

## ARGUMENT

Plaintiff failed to establish the requisite good cause needed to amend the scheduling order. Federal Rule of Civil Procedure 16 (b) (4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." United States District Court Local Rule requires "[a] party that moves to modify a scheduling order must: (1) establish good cause for the proposed modification; and; (2) explain the proposed modification's effect on any deadlines." LR 16.3(b). Moreover, Plaintiff failed to address any of the four factors necessary to modify discovery deadlines as required by LR 16.3(c). Plaintiff's failure to address the four factors is fatal to is request to modify discovery deadlines and, therefore, the Court should deny the motion.

### I. PLAINTIFF FAILED TO ESTABLISH GOOD CAUSE.

The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes—1983 Amendment. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992). Nor

2

does the question of good cause turn on the existence or absence of prejudice to the non-moving party.  *Luigino's Inc. v. Pezrow Cos.*, 178 F.R.D. 523, at 525 (D.Minn.1998). "Rule 16(b) focuses on the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excused, inclusive or inadvertence and neglect, which commonly undergird an untimely Motion to Amend." *Aviva Sports. Fingerhut Direct Mktg., Inc., No IBEW Local 98 Pension Fund v. Best Buy Co., Inc.,* 2010 WL 4193076, at *6 (D.Minn. Oct. 7, 2010).

Plaintiff's argument in support of good cause is two-fold: first, the City caused a delay in the scheduling of one deposition.  Second, the City has not produced records of which officers were carrying 40 mm launchers with which Plaintiff claims she was shot.

On August 5, 2021, counsel for Plaintiff emailed a subpoena to counsel for the City requesting confirmation that counsel for the City would accept service on behalf of Tyrone Barze ("Mr. Barze").  *See* Schoenfeld Decl. Ex. A. The next day, August 6, 2021, counsel for the City informed Plaintiff that the City did not have authorization to waive personal service. *Id.* Counsel for the City reiterated it did not have authorization to waive personal service on August 9, 2021. *Id*.

Additionally, after the City learned that Mr. Barze was no longer employed by the Minneapolis Police Department, it notified Plaintiff's counsel on September 29, 2021 of such and "[d]espite [counsel's] best efforts, [counsel] was unable to get in contact with [him] to coordinate [his] depositions."  At that time, Plaintiff still had nearly two months

to depose Mr. Barze prior to the December 3, 2021 scheduling order deadline to amend pleadings to add additional parties.

Plaintiff argues that one deposition, Mr. Barze, was not accomplished at the time of the motion. While technically correct, Plaintiff was able to depose Mr. Barze within the existing scheduled discovery timelines.

Ultimately, Mr. Barze's deposition provided no more information than Plaintiff already had in its possession for months. Plaintiff has all documents and information. Mr. Barze's deposition did not identify any additional officers that Plaintiff can name. "A party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D.Minn.2019) (citation omitted). Accordingly, the late scheduling of Mr. Barze's deposition does not meet the good cause standard required to amend the scheduling order.

The second basis for "good cause" was "the City has for months failed to produce records of which officers present or nearby when Ms. Tirado was injured were carrying...40mm less-lethal launcher…" Plaintiff Motion, p. 6. Plaintiff's appropriate avenue for relief is a motion to compel pursuant to Fed. R. Civ. P. Rule 37.

Here, Plaintiff places the blame for her inability to identify who or what caused her injuries squarely upon Defendant City of Minneapolis. However, Defendant City of Minneapolis has been consistent in its position and Plaintiff has ignored or failed to diligently address Defendant City's position. Instead of seeking a modification of the

4

scheduling order, Plaintiff is free to seek a motion to compel discovery via Fed. R. Civ. P. R. 37 to obtain whatever documents Defendant City of Minneapolis possesses, but has failed to produce.

To summarize Plaintiff's argument, she does not know who caused her injury and she needs more time. This is not good cause. Plaintiff's motion should be denied.

## II. Plaintiff Failed to Meet the Requirements of LR 16.3(c)

"If a party moves to modify a scheduling order's discovery deadlines, the party must also: (1) describe what discovery remains to be completed; (2) describe the discovery that has been completed; (3) explain why not all discovery has been completed; and (4) state how long it will take to complete discovery." LR 16.3 (c). "These boundaries have been set to ensure that a magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 582 (D.Minn.1999).

Critically, because Plaintiff has failed to address any of the factors *required* to justify modification of a scheduling order's discovery deadlines, Plaintiff's motion should be denied. *See Adams v. Citimortgage, Inc.*, Civil No.12-11, 2013 WL 12145855, at *3 (D. Minn. Dec. 9, 2013) (denying Plaintiff's motion to amend the Pretrial Scheduling Order because it did not comply with the requirements of Local Rule 16.3).

Plaintiff claims that the "City has delayed or failed to produce crucial discovery," Plaintiff Motion p. 2. Such an allegation is unfounded. First, Mr. Barze was deposed and

the deposition did not reveal any new facts or information. All discovery is completed. To the extent that there are discovery responses that are inadequate or insufficient, Plaintiff has the ability and means to obtain the documents – a motion to compel discovery pursuant to Rule 37. Plaintiff's argument is devoid of what discovery remains to be completed to necessitate a six-month extension to the discovery deadlines. Modifying the discovery deadlines does not change the position of the City of Minneapolis regarding whatever documents may or may not exist. Importantly, Plaintiff still has the means to obtain the documents she claims exist that she also deems as necessary to prove her case within the currently existing discovery deadlines. Whatever discovery requests that remain outstanding have already been served and Plaintiff has sufficient time to move to compel.

Plaintiff concedes that the parties have "engaged in substantial written and oral discovery, including an exchange of initial disclosures and multiple rounds of requests for production and interrogatories." Plaintiff Motion, p. 2. To that end, Plaintiff has "reviewed close to 15,000 pages of documents and 70 hours of body-worn camera footage…" *Id.* Plaintiff has also conducted a number of depositions. Additional time is unnecessary.

Plaintiff is requesting to amend the scheduling order because of her own lack of due diligence to determine who injured Plaintiff, not any failure of the Defendants to disclose records. Plaintiff's inability to identify who injured the Plaintiff does not

constitute good cause to amend the scheduling order. Most importantly, Plaintiff failed to address the mandatory factors to justify modification of discovery deadlines.

Plaintiff's exhibits submitted in support of its motion are obviously one-sided. Of note are the dates of requests and responses. Plaintiff served her First Set of Requests for Production of Documents on October 23, 2020. Ten months later, on August 19, 2021, she served her Second Set of Requests for Production of Documents . The City responded to Plaintiff' second set of discovery on September 20, 2021. Two months later, Plaintiff followed up with the City[1].

The responses from Defendant City of Minneapolis shows diligence in responding to Plaintiff's requests. To the contrary, Plaintiff's follow up shows a lack of diligence, especially considering the Court's discovery deadlines. (10 months between Requests for Production of Documents). Further, Plaintiff's extremely broad requests have created or at least contributed to the voluminous discovery to date.

Notably absent from any good cause is any claim that Defendant Kroll has created any discovery related issues for Plaintiff. Defendant Kroll wishes for this matter to conclude at the soonest possible time. Further continuing discovery will prejudice Defendant Kroll and create additional costs and delay resolution of this matter.

### III.   Plaintiff Failed to Meet the Requirements of LR 7.1

Pursuant to LR 7.1(b)(1), "the moving party *must* file and serve the following documents simultaneously:

(A) motion;

---

[1] The City apparently responded on September 20, 2021. *See* Schoenfeld Ex. I p. 4

    (B) notice of hearing;

    (C) memorandum of law;

    (D) any affidavits and exhibits

    (E) meet-and-confer statement (unless later filing is permitted under LR

       7.1(a)(1)(A));and

    (F) proposed order (an editable copy of which must be emailed to chambers).

Additionally, "[a] memorandum of law must be accompanied by a certificate executed by the party's attorney, or by an unrepresented party, affirming that the memorandum complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h)…" L.R. 7.1(f)(2).

    Plaintiff's motion failed to include a memorandum of law to support her motion. *See* ECF Nos. 103-106.  Instead, Plaintiff's motion itself contains all arguments in support of her request to modify the scheduling order and modify discovery deadlines within the scheduling order. Plaintiff's motion failed to include a memorandum of law as required by LR 7.1(b)(1).  The argument within the motion should be stricken and not considered by the Court.  Further evidence of Plaintiff's intentional omission of a memorandum of law is her failure to comply with 7.1(f) and 7.1(h). Plaintiff failed to file a certificate affirming compliance with LR 7.1(f) and 7.1(h).

    The Court has discretion to "(1) cancel the hearing and consider the matter submitted without oral argument; (2) reschedule the hearing; (3) hold a hearing, but refuse to permit oral argument by the party who failed to file; (4) award reasonable

attorney's fees to the opposing party; (5) take some combination of these actions; or (6) take any other action that the court considers appropriate." LR 7.1(g).

Plaintiff's lack of diligence to comply with the rules by either haphazardly filing a memorandum of law titled as a motion (which would then make the motion deficient for failure to file a motion) and failing to file a certification of compliance with LR 7.1(f) and LR 7.1(h) should not be lost upon the Court. Like Plaintiff's ignorance of LR 16.3(c), Plaintiff ignored the requirements of LR 7.1.

The Court should exercise its discretion by either canceling the hearing and denying the motion due to the Plaintiff's deficiencies or refuse to allow Plaintiff to participate in the oral argument.

**CONCLUSION**

Because Plaintiff failed to address any of the required factors to modify a scheduling order's discovery deadlines, the motion to amend discovery deadlines should be denied. Plaintiff failed to show good cause supports a modification of the scheduling order, therefore, the motion to amend the scheduling order should be denied. To the extent good cause exists, the scheduling order should only be modified for non-discovery matters. The scheduling order should be modified solely to allow additional time to amend the complaint. Such a modification should only be in an amount of time as necessary to review outstanding discovery requests.

Dated: December 13, 2021                      **KELLY & LEMMONS, P.A.**

                                               /s/ Joseph A. Kelly
                                               Joseph A. Kelly (#389356)
                                               jkelly@kellyandlemmons.com
                                               Kevin M. Beck (#389072)
                                               Rebecca L. Duren (#393624)
                                               2350 Wycliff Street, #200
                                               St. Paul, MN 55114
                                               (651) 224-3781
                                               F: (651) 223-8019

                                               *Attorneys for Robert Kroll*