UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Tirado,<br><br>      Plaintiff,<br><br>vs.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, *in his official capacity*; Robert Kroll, *in his individual capacity*; and Minneapolis Police Department Officers John Does 1-4, *in their official and individual capacities*,<br><br>      Defendants. | Case No. 20-CV-01338 (JRT/JFD)<br><br>**DECLARATION OF<br>KRISTIN SARFF** |

    Your Declarant is Kristin R. Sarff, and she submits the following declaration on behalf of the Defendants City of Minneapolis and Medaria Arradondo:

    1.    I am an Assistant City Attorney with the Minneapolis City Attorney's Office. I am one of the attorneys assigned to represent the Defendants City of Minneapolis and Medaria Arradondo ("City Defendants") in this matter. I submit this declaration in opposition to the Plaintiff's motion to amend the scheduling order.

    2.    After the City Defendants answered the First Amended Complaint, Plaintiff's counsel informed the defense that Plaintiff was now claiming to have been struck by John Doe 1 around 11:34 p.m. on May 29, 2020, near the Fifth Precinct.

    3.    Plaintiff's counsel initially asked the City Defendants to meet and confer to prepare a discovery plan before the City Defendants' answer or response to the First Amended Complaint was due.  The City Defendants declined because the timing of the

meet and confer proposed by Plaintiff would have opened the City Defendants to the possibility of being required to respond to discovery requests at the same time it was either answering or filing a motion in response to Plaintiff's First Amended Complaint. On August 26, 2020, after the filing of the City Defendants' motion to dismiss and while the parties awaited the Court's Order on the motion to dismiss, counsel for the City Defendants met and conferred with Plaintiff's counsel regarding a discovery schedule and to prepare a Rule 26(f) Report.

4. Attached as Exhibit A is a true and correct copy of September 2, 2020, correspondence to Plaintiff's counsel from the City Defendants' counsel.

5. Attached as Exhibit B is a true and correct copy of the Plaintiff's October 5, 2020, responses to the City Defendants' requests for the production of documents. The Plaintiff did not produce any actual documents in response to Requests for the Production of Documents. The City Defendants did not receive any document production from Plaintiff until April 20, 2021, including the photographs, videos and recordings that Plaintiff agreed to produce on October 5, 2020. Plaintiff never contended that the photographs, videos and recordings were confidential, and when they were produced, they were produced without any Confidential designation.

6. Attached as Exhibit C is a true and correct copy of the City Defendants' November 23, 2020, answers to Plaintiff's first set of interrogatories to the City Defendants.

7. Attached as Exhibit D is a true and correct copy of the City Defendants' November 23, 2020, responses to Plaintiff's first set of requests for the production of documents to the City Defendants.

8.  Attached as Exhibit E is a true and correct copy of the City Defendants' Rule 26 Initial Disclosures, which were served on April 20, 2021. On April 20, 2021, the City Defendants produced various police reports with the Initial Disclosures, including General Offense Reports, CAD Reports, and Incident Detail Reports related to protests, riots, and civil unrest occurring between May 26, 2020, and May 31, 2020. Included with the initial disclosure production was the General Offense Report, CAD Report, and Incident Detail Report for events taking place near the Fifth Precinct on May 29, 2020. On April 20, 2021, the City Defendants began producing body worn camera video footage from officers near the Fifth Precinct on May 29, 2020. Due to the volume of video footage, the City Defendants completed production of the approximately 160 videos from body worn cameras on April 22, 2021, two days after the initial disclosure deadline. All of the relevant body worn camera video footage known to the City Defendants was produced on or within two days of the initial disclosure deadline.

9.  At the time the City Defendants were preparing their Rule 26 Initial Disclosures, Tyrone Barze was employed with the Minneapolis Police Department.

10. Attached as Exhibit F is a true and correct copy of the Confidential General Offense Report MP 2020-145598. This report was produced with the City Defendants' Rule 26 Initial Disclosures on April 20, 2021.

11. Attached as Exhibit G is a true and correct copy of the Confidential Incident Detail Report for incident number 20-145598. This report was produced with the City Defendants' Rule 26 Initial Disclosures on April 20, 2021.

12. Attached as Exhibit H is a true and correct copy of Brian Bennett's police report supplement from the Confidential General Offense Report MP 2020-146501. This

police report supplement was produced with the City Defendants' Rule 26 Initial Disclosures on April 20, 2021.

13. Attached as Exhibit I is a true and correct copy of excerpts from the deposition of Brian Bennett.

14. Attached as Exhibit J is a true and correct copy of the spreadsheet containing the 2020 Protest Munitions Used. This documents was produced with the City Defendants' Rule 26 Initial Disclosures on April 20, 2021.

15. Attached as Exhibit K is a true and correct copy of correspondence from Plaintiff's counsel dated February 2, 2021.

16. On or about February 17, 2021, the parties had a phone call to address the Plaintiff's meet and confer letter marked as Exhibit K. In the phone call, City Defendants sought compromise regarding the Plaintiff's requests, and reminded Plaintiff that certain documents would be produced following the entry of a Protective Order. At times, reaching compromise with Plaintiff has proved difficult because Plaintiff's counsel often responds that they need to discuss the matter with Plaintiff's legal team before providing City Defendants with their final position.

17. Attached as Exhibit L is a true and correct copy of correspondence to Plaintiff's counsel from counsel for the City Defendants, dated March 4, 2021.

18. On August 20 and October 12, 2021, Plaintiff's counsel asked the defense counsel if they would produce five additional non-party witnesses for a deposition without effecting personal service of a subpoena, for a total of seven witnesses. Five of the witnesses appeared for a deposition without having been served with a subpoena, and Plaintiff cancelled the October 15, 2021, deposition of the sixth proposed witness. The

depositions of the remaining five witnesses occurred on September 30, October 12, October 21, November 19, and November 22. Plaintiff has not sought to depose any other witnesses since her request on October 12, 2021.

19. On October 18, 2021, and within five days of receiving an interrogatory from Plaintiff, City Defendants produced the last known address, phone number and email address for Tyrone Barze to Plaintiff.

20. On November 18, 2021, Plaintiff's counsel informed the parties' counsel that Tyrone Barze had been served with a subpoena to appear at a deposition on December 2, 2021.

21. Attached as Exhibit M is a true and correct copy of excerpts from the October 12, 2021, deposition of Andrew Braun.

22. Attached as Exhibit N is a true and correct copy of excerpts from the November 19, 2021, deposition of Sawyer Moen.

23. During the December 2, 2021, deposition of Tyrone Barze, he explained that the MPD officers depicted in helmets and black vests appeared to be SWAT officers. And, as noted in the October 21, 2021, Status Conference with the Court, Tyrone Barze confirmed in his depositions that he was not operating a 40mm launcher on May 29, 2021.

24. Attached as Exhibit O is a true and correct copy of the City Defendants' October 28, 2021, letter to the Court with Exhibit A. Exhibit B to the October 28, 2021, letter has been excluded because it contains Confidential images from officers' body worn camera footage.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Signed in Hennepin County, Minnesota.

Dated: December 13, 2021    <u>*/s Kristin R. Sarff*</u>
Kristin R. Sarff