

**Office of the City Attorney**
James R. Rowader, Jr.
City Attorney
350 S. Fifth St., Room 210
Minneapolis, MN 55415
TEL 612.673.3000  TTY 612.673.2157
www.minneapolismn.gov

612.673.3919
kristin.sarff@minneapolismn.gov

September 2, 2020

By U.S. Mail
John M. Baker
Davida S. McGhee
Greene Espel PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402

By U.S. Mail
Tai-Heng Cheng
Gaëlle E. Tribié
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

By U.S. Mail
Margaret H. Allen
Sidley Austin LLP
2021 McKinney Ave, Ste. 2000
Dallas, TX 75201

By U.S. Mail
Gabriel Schonfeld
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005

Re:     *Linda Tirado v. City of Minneapolis, et al.*, Court File No. 20-cv-01338 (JRT-ECW)

Dear Counsel,

Enclosed and served upon you please find Defendants Medaria Arradondo and City of Minneapolis' First Set of Interrogatories to Plaintiff and First Set of Requests for the Production of Documents to Plaintiff.  If you have any questions, please feel free to contact me.

Sincerely,

*/s Kristin R. Sarff*

Kristin R. Sarff
Assistant City Attorney

Enc.

cc: Joseph Kelly and Kevin Beck (w/enc. by U.S. Mail)

EXHIBIT A TO DECLARATION OF KRISTIN R. SARFF

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Tirado,<br><br><br><br>                    Plaintiff,<br><br>v.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, *in his official capacity*; Robert Kroll, *in his individual capacity*; and Minneapolis Police Department Officers John Does 1-4, *in their official and individual capacities*,<br><br>                    Defendants. | Case No. 0:20-cv-01338-JRT-ECW |

### PLAINTIFF LINDA TIRADO'S RESPONSE TO DEFENDANTS MEDARIA ARRADONDO AND CITY OF MINNEAPOLIS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure ("FRCP") 26 and 34 and the

Local Rules of the United States District Court for the District of Minnesota, Plaintiff

Linda Tirado ("Tirado"), by her undersigned counsel, hereby responds and objects

to Defendants Medaria Arradondo ("Arradondo") and the City of Minneapolis'

("Minneapolis," and together with Arradondo, "Defendants") First Set of Requests

for the Production of Documents (the "Requests" and each a "Request"), issued by

1

Defendants on September 2, 2020, in the above-captioned action (the "Action") as follows:

## OBJECTIONS TO DEFINITIONS

1.     Tirado objects to the Defendants' proposed definition of "you," "your," and "Plaintiff" to the extent it includes Tirado's attorneys and seeks information that is subject to the attorney-client privilege or constitutes attorney work product.

2.     Tirado objects to the Defendants' proposed definition of "document" to the extent it purports to impose obligations in addition to, or different from those imposed by the applicable federal rules. Tirado further objects to Defendants' proposed definition of "document" and in particular the phrase "other data compilations from which information can be obtained and translated, if necessary, through detection devices into readable or viewable form" as vague, ambiguous, overbroad and unduly burdensome.

3.     Tirado objects to the Defendants' proposed definition of "statement" as vague and unclear to the extent it includes any statement that is "impliedly" approved or ratified.  As written, the definition is unclear in what it seeks and what it means to impliedly approve or ratify a statement.

## GENERAL OBJECTIONS

1.     Tirado objects to each Request to the extent that it is overly broad, unduly burdensome, irrelevant to any party's claim or defense, or not proportional to the needs of the case.

2.     Tirado objects to each Request to the extent that it seeks information or documents other than that which is in Tirado's possession, custody, or control.

3.     Tirado objects to each Request to the extent it seeks documents that are already available to Defendants, already in the possession, custody, or control of Defendants or their attorneys, are publicly available, and/or are more easily accessible to Defendants than to Tirado.

4.     Tirado objects to each Request to the extent it demands Tirado to respond as to the knowledge of persons and/or entities other than Tirado.   In response to each Request, Tirado will only respond for Tirado and not for any other person and/or entity.

5.     Tirado objects to each Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

6.     Tirado objects to each Request to the extent that it seeks information or documents protected from discovery by the attorney-client privilege, the work-product doctrine, the right to privacy, or other privileges recognized under law or equity.  All answers are subject to this objection, without prejudice or waiver thereof, and are made with the understanding that any protected, non-discoverable information will be excluded from these answers and any document production.

Inadvertent production of any privileged information or document shall not constitute waiver of any privilege.

7.      By responding to these Requests, Tirado does not concede the relevance of a Request nor the relevance or admissibility of any information provided or documents produced in response thereto.  The fact that information is provided or documents are produced in response to a particular Request does not mean that it is probative of any particular issue in this case.

8.      Tirado objects to each Request to the extent it calls for, or can be interpreted as calling for, legal conclusions, or to the extent it assumes disputed issues or are phrased in such a way as to be argumentative, lacking foundation, prejudicial, or improper.

9.      Tirado objects to each Request to the extent it seeks information or documents that are duplicative of, or readily ascertained from, information provided in response to another Request.

10.     A response to a particular Request that Tirado will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that, to the extent such documents do exist and are in Tirado's custody and control, such documents will be produced in accordance with the terms of Tirado's response to the particular Request and these general objections.

11.     Discovery in this matter is ongoing.  These responses and objections are made without prejudice to, and are not in waiver of, Tirado's right to amend, correct, or supplement these responses, and are subject to Tirado's right to produce evidence of any subsequently discovered facts, or additional facts, information, or documents that may exist whose relevance, significance, or applicability has not yet been determined by Tirado.  Tirado provides these responses in good faith after reasonable inquiry and based on information that it knows or can readily obtain.  In providing these responses, Tirado reserves all objections as to competency, relevancy, materiality, authenticity, and admissibility of any information or documents.  This preliminary statement is hereby incorporated by reference into each response below.

12.     Tirado does not waive, and hereby expressly reserves, her right to assert any and all objections to the admissibility of any responses or information provided thereto into evidence at any hearing or trial of this proceeding, or in any other actions or proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, privilege, confidentiality, hearsay, or admissibility as evidence for any other purpose.  Moreover, the right to object on any ground to the use of the responses or information provided, in any aspect of this or any other court action, arbitration, or judicial or administrative proceeding or investigation, is reserved.

EXHIBIT B TO DECLARATION OF KRISTIN R. SARFF

## RESPONSES AND SPECIFIC OBJECTIONS

Tirado also asserts the following Specific Objections in response to the Requests.  Tirado preserves her General Objections, each of which is incorporated by reference in the responses set forth below, and none of the following Specific Objections limits the scope or breadth of those General Objections.

### REQUEST NO. 1: Produce all photographs taken by Plaintiff on May 29, 2020 and May 30, 2020.

**RESPONSE:**  In addition to its General Objections, Tirado objects to this Request as unduly burdensome and overbroad because the request for "all" photographs necessarily seeks thousands of photographs, the vast majority of which bear no relationship to the instant dispute.  Only those photographs taken in the immediate lead-up to—and aftermath of—Tirado being shot are relevant to this dispute.  All other photographs are irrelevant and their production would impose an undue burden that is not proportional to the needs of the case.  Accordingly, Tirado will only produce those photographs taken in the immediate lead-up to—and aftermath of—Tirado being shot.

Notwithstanding and without waiving these objections, Tirado responds as follows.  On information and belief, Tirado did not approach the intersection in which she was shot until approximately 12:23 a.m. CDT and was shot at approximately 12:34 a.m. CDT on May 30, 2020.  Accordingly, Tirado will produce all photographs taken between 12:23 a.m. CDT and 11:59 p.m. CDT on May 30, 2020.

EXHIBIT B TO DECLARATION OF KRISTIN R. SARFF

**REQUEST NO. 2: Produce all audio or video recordings taken by Plaintiff on May 29, 2020, and May 30, 2020.**

**RESPONSE:**  In addition to its General Objections, Tirado objects to this Request as unduly burdensome and overbroad because it seeks "all" audio or video recordings without regard for whether they have any relationship to the instant dispute, including recordings that do not relate to the lead-up to—and aftermath of—Tirado being shot.  Accordingly, Tirado will only produce those recordings taken in the immediate lead-up to—and aftermath of—Tirado being shot, if any.

Notwithstanding and without waiving these objections, Tirado responds as follows.  On information and belief, Tirado was shot at approximately 12:34 a.m. CDT on May 30, 2020.  Accordingly, Tirado will produce all recordings, if any, taken between 12:23 a.m. CDT and 11:59 p.m. CDT on May 30, 2020.

**REQUEST NO. 3: Produce all photographs and audio or video recording of protests, riots, law enforcement activity, or injuries incurred in the City of Minneapolis from May 26, 2020, to June 1, 2020, that are in Plaintiffs possession.**

**RESPONSE:**  In addition to its General Objections, Tirado objects to this Request as unduly burdensome and overbroad because the request for "all" photographs and audio or video recording necessarily seeks thousands of photographs and volumes of data taken over the course of seven days, without regard for the fact that 1) a vast majority of the photographs and recordings taken in the 5 days leading up to Tirado being shot; and 2) approximately half of the

EXHIBIT B TO DECLARATION OF KRISTIN R. SARFF

photographs and recordings taken in the roughly 2 days after Ms. Tirado was shot do not relate to the claims and defenses at issue in the case.  Tirado further objects to this Request to the extent it is duplicative of Requests 1 and 2.  Tirado further objects to this Request as vague and ambiguous, as the phrases "protests, riots, law enforcement activity, or injuries" are undefined, subject to interpretation, and would require Tirado to guess as to their meaning.  Tirado further objects to this Request to the extent it seeks information already in Defendants' possession and is as readily available to Defendants as to Tirado.

Notwithstanding and without waiving these objections, Tirado will produce photographs of Tirado's injuries taken between May 30, 2020 and June 1, 2020. Tirado will not produce additional photographs or recordings pursuant to this Request other than those photographs and recordings already being produced pursuant to Requests 1 and 2.

**REQUEST NO. 4: Produce all documents, social media posts, messages, recordings or materials, including Twitter and Patreon, that are authored or created by Plaintiff, which relate to the allegations in the Amended Complaint or settlement of this lawsuit.**

**RESPONSE:**  In addition to its General Objections, Tirado objects to this Request as unduly burdensome and overbroad because the request for "all" documents, social media posts, messages, recordings or materials necessarily requires review of excessive volumes of information, some of which is publicly available and equally accessible to both parties.  Tirado further objects to this

EXHIBIT B TO DECLARATION OF KRISTIN R. SARFF

Request, which seeks among other things "messages" and "materials" from Tirado, as overbroad to the extent it calls for the production of information protected by the attorney-client privilege, work product protection, or any other privilege or protection.  Finally, Tirado objects to this Request as unduly burdensome and overbroad because the request for all documents that "relate" to the allegations in the Amended Complaint exceeds the requirements of FRCP 26, which requires the production of only that information which is relevant to the claims and defenses at issue.

Tirado further objects to this Request as vague and ambiguous because the terms "relate" and "messages" are undefined, such that Tirado cannot determine what is intended to be sought by this Request.  Tirado further objects to this Request to the extent it is duplicative of Requests 2 and 5.

Notwithstanding and without waiving these objections, Tirado will produce all social media posts that are authored or created by her that are not publicly available and that discuss the facts alleged in the Amended Complaint or settlement of this lawsuit.

## REQUEST NO. 5: Produce all documents, interviews, statements, testimony, or representations made by Plaintiff relating to the allegations in the Amended Complaint or settlement of this lawsuit.

**RESPONSE:**  In addition to its General Objections, Tirado objects to this Request as unduly burdensome and overbroad to the extent it seeks "all" documents,

interviews, statements, testimony, or representations made by Tirado without regard for how they actually relate to the lawsuit, without limit to a particular time frame, and without regard to whether such information is subject to confidentiality or nondisclosure requirements or otherwise privileged or protected by the attorney-client privilege or work product protection. Tirado further objects to the terms "statements" and "representations" as vague, ambiguous, and undefined, and to the extent they are construed to include social media posts and messages. Tirado further objects to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control (*e.g.*, Tirado's Congressional testimony) or are publicly available and equally accessible to both parties. Finally, Tirado objects to the extent this Request is duplicative of Request 4.

Notwithstanding and without waiving these objections, Tirado will produce all non-privileged, non-confidential interviews, statements, and testimony currently within her possession, custody and control that are not publicly available, if any, taken on or after May 30, 2020.

**REQUEST NO. 6: Produce copies of all medical requests, reports, records, tests, recommendations, referrals, diagnoses, bills, invoices, payment agreements, charts, summaries, or other writings which in any way relate to Plaintiffs physical or emotional injuries, medical care, or medical examinations, which you claim to be the result of the incident alleged in the Amended Complaint.**

**RESPONSE:** In addition to its General Objections, Tirado objects to this

Request as unduly burdensome and overbroad to the extent it seeks "all" medical requests, reports, records, tests, recommendations, referrals, diagnoses, bills, invoices, payment agreements, charts, summaries, or other writings. Tirado further objects to the term "other writings" as vague and ambiguous, as it is not limited to medical-related writings or otherwise limited in scope. Tirado further objects to the Request to the extent it seeks documents or communications not in Tirado's possession, custody, or control. Tirado further objects to this Request to the extent it seeks privileged information that is subject to the attorney-client privilege or work product protection.

Notwithstanding and without waiving these objections, Tirado will produce all relevant, non-privileged medical information in her possession, custody, and control that was generated on and after May 30, 2020 which relates to the eye injury Tirado sustained on May 30, 2020 and the physical and emotional damages she claims in this case. Tirado reserves the right to amend, correct, or supplement this information, and will produce additional medical documentation if and when it becomes available to her.

**REQUEST NO. 7: Produce copies of all documents that demonstrate, support, quantify or calculate Plaintiffs prayer for relief in her Amended Complaint for "[d]amages compensating Plaintiff for her injuries" and "punitive damages[.]"**

**RESPONSE:**   In addition to its General Objections, Tirado objects to this Request on grounds that it is unduly burdensome and overbroad because it seeks

"all" documents, which includes privileged information that is subject to the attorney-client privilege and work product protection. Tirado further objects to this Request as premature and exceeding the requirements of FRCP 26, because it calls for expert discovery in advance of the deadlines to be set for such disclosures. Tirado further objects to this Request as duplicative of Request 6, as "bills, invoices, [and] payment agreements" form part of the basis on which Tirado bases her prayer for relief.

Because the determination of the full extent of damages is ongoing and is not subject to calculation at this point in the litigation, Tirado will not produce documents pursuant to this Request at this time. Notwithstanding and without waiving these objections, Tirado will produce medical bills, invoices, and payment agreements currently in her possessions, custody, and control that were generated on and after May 30, 2020 which relate to the eye injury Tirado sustained on May 30, 2020 and the physical and emotional damages she claims in this case.

EXHIBIT B TO DECLARATION OF KRISTIN R. SARFF

Dated:  October 5, 2020   **GREENE ESPEL PLLP**

/s/ John M. Baker
John M. Baker, Reg. No. 0174403
Davida S. McGhee, Reg. No. 0400175
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
(612) 373-0830
jbaker@greeneespel.com
dwilliams@greeneespel.com

-and-

Tai-Heng Cheng (admitted *pro hac vice*)
Gaëlle E. Tribié (admitted *pro hac vice*)
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
(212) 839-5661
tcheng@sidley.com
gtribie@sidley.com

Margaret Hope Allen (admitted *pro hac vice*)
**SIDLEY AUSTIN LLP**
2021 McKinney Ave, Ste. 2000
Dallas, TX 75201
(214) 969-3506
margaret.allen@sidley.com

Gabriel Schonfeld (admitted *pro hac vice*)
**SIDLEY AUSTIN LLP**
1501 K Street NW
Washington, DC 20005
(202) 736-8483
gschonfeld@gmail.com
*Attorneys for Plaintiff Linda Tirado*

13

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Tirado, | Case No. 20-cv-01338 (JRT/ECW) |
| Plaintiff, | |
| vs. | **DEFENDANTS CITY OF MINNEAPOLIS AND MEDARIA ARRADONDO'S ANSWERS TO PLAINTIFF' FIRST SET OF INTERROGATORIES** |
| City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, *in his official capacity*; Robert Kroll, *in his individual capacity*; and Minneapolis Police Department Officers John Does 1-4, *in their official and individual capacities*, | |
| Defendants. | |

## GENERAL OBJECTIONS

Defendants City of Minneapolis and Medaria Arradondo (hereinafter "City Defendants") make the following General Objections to Plaintiff's First Set of Interrogatories:

1.      Regardless of Plaintiff's instruction and definition explanations, the City Defendants do not undertake any obligation to answer Plaintiff's Interrogatories other than those obligations set forth in the Federal Rules of Civil Procedure.

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

2.      The City Defendants object to Plaintiff's Interrogatories to the extent that Plaintiff's Interrogatories seek information not proportional to the needs of the case, considering the importance of the issues at stake in this action, the importance of resolving the issues and whether the burden or expense of the proposed discovery outweighs its benefit.

3.      The City Defendants object to Plaintiff's Interrogatories to the extent that they request privileged information not subject to discovery, including information protected by the attorney-client privilege, work product doctrine or any other privilege or protective doctrines.

4.      The City Defendants object to Plaintiff's Interrogatories to the extent that they assume, imply, or require legal conclusions.

5.      The City Defendants object to Plaintiff's Interrogatories to the extent that they seek information already in the custody and control of the Plaintiff.

6.      The City Defendants object to Plaintiff's Interrogatories to the extent they are premature at this stage of the action, including but not limited to any effort to seek information concerning the City Defendants contentions or defenses to the action prior to the close of discovery in this case.

7.      The City Defendants object to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, duplicative,

2

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

oppressive, harassing, or that they seek to require that the City Defendants undertake an unreasonable investigation.

8.    The City Defendants object to Plaintiff's Interrogatories to the extent that they seek information in the possession and/or control of other entities that are not parties to this action.

9.    The City Defendants object to Plaintiff's Interrogatories to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

10.    The City Defendants object to Plaintiff's Interrogatories to the extent they seek confidential information, including but not limited to private personnel data, law enforcement information, and other information protected from disclosure under the Minnesota Government Data Practices Act.   The City Defendants will produce appropriate documents and information only subject to a Protective Order.

11.    The City Defendants object to Plaintiff's Interrogatories to the extent that they are directed to any persons or entities purporting to act on any behalf of the City of Minneapolis, Chief Arradondo or the Minneapolis Police Department.

12.    In providing these Answers, the City Defendants do not in any manner waive:

        a.    All objections relating to competence, relevance, materiality, privilege and admissibility;

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

     b.     All rights to object, on any grounds, to the use of these Answers, or information or documents provided in response to these Answers, in any subsequent proceedings, including any hearing for this or any other action;

     c.     All rights to object on any grounds to any further discovery requests involving or related to the subject matter of any of these Interrogatories; and

     d.     All rights to supplement and/or amend these Answers based on recollections of persons presently unavailable or based upon the discovery of additional documents or evidence.

13.     Each of these General Objections is incorporated into the City Defendant's Answers to each Interrogatory as if fully stated therein.

14.     These Objections and Answers are based on information currently known.  The City Defendants reserve the right to amend, modify or supplement these Objections and Answers to the fullest extent permitted by all applicable Rules and Court Orders.

## INTERROGATORIES

1.     Identify John Does 1-4, including but not limited to their names and titles.

**ANSWER:** The Plaintiff's Interrogatories define "John Does 1-4" as "individual member or members of the Minneapolis Police Department or agents of the City of Minneapolis who were involved in causing the deployment of the less-lethal projectile that struck Tirado in her left eye."   City Defendants object to

4

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

this definition and Interrogatory on the grounds that the phrase "involved in causing" is vague, ambiguous, and seeks irrelevant information, particularly since the First Amended Complaint alleges Plaintiff was struck once in the left eye and, therefore, multiple individuals were not involved in causing her to allegedly be struck. City Defendants also object to the definition of "John Does 1-4" and this Interrogatory on the grounds that it premature, particularly to the extent it presumes Plaintiff was struck in the eye with a less-lethal projectile by an MPD officer or agent. City Defendants further object to this Interrogatory to the extent it seeks attorney work product or calls for a legal conclusion with respect to causation and whether an individual is an agent of the MPD, and improperly seeks to place the burden of identifying the John Does on the City Defendants. City Defendants additionally object to Plaintiff's definition of "Identify" as being overly broad, unduly burdensome, seeking irrelevant information, and seeking private, non-public data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and without conceding that Plaintiff was struck in the eye with a less-lethal projectile by an MPD officer, upon the entry of a Protective Order, City Defendants will provide the Plaintiff with relevant body worn camera video footage recorded on the evening of May 29, 2020, and a General Offense Report

5

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

related to events occurring near the Fifth Precinct on May 29, 2020, to enable the Plaintiff to identify the purported John Does.  Discovery is ongoing and the City Defendants reserve the right to supplement this Answer.

2.      Identify all training programs, courses or education of Minneapolis Police Department officers, employees or officials – including those performed by equipment manufacturers, other third parties, the Minneapolis Police Department, the Minnesota Peace Officer Standards and Training (POST) Board, or other government-related bodies – that relate to the Use of Force.

**ANSWER:**  Plaintiff's Interrogatories defines "Use of Force" to include at least sixteen different types of force, including, but not limited to, "restraint, hand or foot strikes, strikes with a baton . . . . chemical agents . . . flash-bang grenades, long-range audio devices, microwave beams, or strobe lights."  City Defendants object to this definition and Interrogatory as being overly broad, unduly burdensome, and seeking irrelevant information in so far as it seeks information relating to uses of force that bear no similarity to the Plaintiff's allegation that she was struck with a less-lethal projectile.  City Defendants also object to this Interrogatory as being overly broad, unduly burdensome, and seeking irrelevant information in so far as it seeks information for the time period defined as the so-called "relevant time period" back to August 18, 2008, and, therefore, may include training which the John Does did not receive.  City

6

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

Defendants further object to the Plaintiff's definition of "Identify" as it pertains to documents as being unduly burdensome, overly broad, compound, and seeking private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.  City Defendants additionally object to this Interrogatory as being compound and composed of at least sixteen different subparts, in so far as it seeks information about various training and education by no less than five different bodies on at least eleven different topics, each of which counts towards the limit of 25 interrogatories under the parties' September 9, 2020 Rule 26(f) Report.  Subject to and without waiving these objections and the foregoing General Objections, upon the entry of Protective Order and Plaintiff's identification of the John Does by name, pursuant to Fed. R. Civ. P. 33(d), the City Defendants will produce Minneapolis Police Department training records and materials pertaining to the use of less-lethal projectiles that was provided to the John Doe that Plaintiff identifies by name or badge number as having struck her with a less-lethal projectile.

3.      Identify which training programs stated in Interrogatory No. 2 each of the individual Defendants attended.

**ANSWER:**  City Defendants incorporate their objection to the definition of "Identify" as set forth in answer to Interrogatory Numbers 1 and 2.  City Defendants also object to this Interrogatory as seeking irrelevant information in

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

so far as it seeks training-related information for Defendants that did not use force on Plaintiff. City Defendants also object to this Interrogatory as being overly broad both temporally and substantively. Subject to without waiving these objections and the foregoing General Objections, upon the entry of Protective Order and Plaintiff's identification of the John Does by name, pursuant to Fed. R. Civ. P. 33(d), the City Defendants will produce training records and materials related to and received by the John Doe that allegedly used a less-lethal projectile with respect to Plaintiff.

4.     Identify which, if any, members of the Minneapolis Police Department were subject to any disciplinary proceedings in connection with the George Floyd Protests or any Previous Press Incidents.

**ANSWER:**  City Defendants incorporate their objections to the definitions of "Identify" as set forth in answer to Interrogatory Number 1, and "Use of Force," which is incorporated into the definition of "Previous Press Incident", as set forth in answer to Interrogatory Number 2. Plaintiff's Interrogatories defines "George Floyd Protests" as "the public protests, demonstrations, and gatherings that occurred from May 26, 2020 through June 3, 2020 in Minneapolis." Plaintiff's Interrogatories defines "Previous Press Incidents" as "any instances in which the Use of Force was utilized by You or any member of the Minneapolis Police Department or John Does 1-4 against any Member of the Press from

8

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

August 18, 2008 to May 25, 2020, including but not limited to the Use of Force in connection with the 2008 Republican National Convention or related protest activities." City Defendants object to these definitions and this Interrogatory as encompassing and seeking information that is overly broad, unduly burdensome, and irrelevant, particularly given that the stated temporal periods occur substantially before and after the Plaintiff's incident, and the May 26 to May 31, 2020, period which Plaintiff alleges to be the relevant period for her custom claim against the City. City Defendants object to the term "disciplinary proceedings" as vague and undefined. City Defendants further object to this Interrogatory as being overly broad, unduly burdensome, and seeking irrelevant information in so far as it seeks information relating to disciplinary proceedings relating to conduct and uses of force that bear no similarity to the Plaintiff's allegation that she was struck with a less-lethal projectile. Moreover, City Defendants object to this Interrogatory as being unduly burdensome and requiring the City to undertake an unreasonable investigation because, as records are kept in the normal course of business, it would not be readily identifiable whether a disciplinary proceeding related to incidents involving a member of the press, particularly given the objectionably overbroad definition of "Member of the Press" provided by Plaintiff, which is incorporated into the definition of "Previous Press Incident." City Defendants additionally object to

9

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

this Interrogatory to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and upon entry of a Protective Order, City Defendants will generally identify any disciplinary proceedings relating to the use of less-lethal projectiles against known members of the press between May 26 and May 31, 2020.

5.     Identify all complaints filed with the Internal Affairs Unit of the Minneapolis Police Department in connection with the George Floyd Protests or any Previous Press Incidents.

**ANSWER:**  City Defendants incorporate their objections to the definitions of "Identify" as set forth in answer to Interrogatory Number 2, and "Previous Press Incident" and "George Floyd Protests" as set forth in answer to Interrogatory Number 4.  City Defendants also object to this Interrogatory as being overly broad, unduly burdensome, and seeking irrelevant information. City Defendants further object to this Interrogatory to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and upon entry of a Protective Order and pursuant to Fed. R. Civ. P.

10

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

33(d),  City Defendants will produce copies of complaints, if any, made to the Minneapolis Police Department's Internal Affairs Unit relating to the use of less-lethal projectiles against known members of the press between May 26 and May 31, 2020.

6.      Identify all lawsuits filed by Members of the Press against any Defendant or member of the Minneapolis Police Department.

**ANSWER:**  City Defendants object to the definition of "Member of the Press" as being overly broad and unduly burdensome.  City Defendants also object to this Interrogatory as being overly broad and unduly burdensome, particularly given the objectionably overbroad definition of "Member of the Press" provided by Plaintiff.  City Defendants also object to this Interrogatory as seeking irrelevant information in so far as it seeks the identification of lawsuits challenging conduct bearing no similarity to Plaintiff's allegation that she was struck by a less-lethal projectile.   City Defendants further object to this Interrogatory as requiring the City Defendants to undertake an unreasonable investigation because, as records are kept in the normal course of business, the City does not track lawsuits based on the profession of the plaintiff and the temporal period for this Interrogatory is overly broad, seeking information back to August 2008.   City Defendants additionally object to this Interrogatory as seeking information equally within the Plaintiff's possession, particularly to the

11

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

extent it seeks information relating to lawsuits against Defendants or City employees for events unrelated to their employment, because publicly filed lawsuits are available to Plaintiff.

Subject to and without waiving these objections and the foregoing General Objections, City Defendants will disclose lawsuits involving allegations of use of a less-lethal projectile against a known member of the press between May 26 and May 31, 2020.  City Defendants identify the lawsuit of *Jared Goyette, et al. v. City of Minneapolis, et al.*, Court File No. 20-cv-01302 (WMW/DTS). Discovery is ongoing and the City reserves the right to supplement this Answer.

7.    Identify the processes in place during the Relevant Time Period by which You accounted for, or otherwise tracked, the use of: a) less-lethal or non-lethal projectiles; b) ballistic tracking rounds, foam rounds or bullets, chemical irritants, firearms, weapons, SWAT gear, or combat gear; and c) other equipment, ammunition, weapons or devices.

**ANSWER:**  City Defendants incorporate their objection to the definition of "Identify" as set forth in answer to Interrogatory Numbers 1 and 2.  City Defendants object to this Interrogatory as being overly broad and unduly burdensome based on the breadth of the definition of "You" provided by Plaintiff, particularly to the extent it includes all City employees and those "purporting to act on behalf of" the City, MPD, or Chief Arradondo.  City

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

Defendants also object to this Interrogatory as being unduly burdensome, overly broad, and seeking irrelevant information, particularly to the extent it seeks information with respect to equipment and munitions that are not alleged to have been involved in Plaintiff's incident and for a time period unrelated to Plaintiff's incident or the custom alleged to exist by Plaintiff. City Defendants also object to this Interrogatory as being compound and consisting of at least eleven subparts in so far as it seeks tracking information related to at least eleven different types of equipment and munition, each of which counts towards the limit of 25 interrogatories under the parties' September 9, 2020 Rule 26(f) Report. City Defendants further object to this Interrogatory to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, upon entry of a protective order and pursuant to Fed. R. Civ. P. 33(d), City Defendants will produce documents related to the process of tracking less-projectiles between May 26 and May 31, 2020.

8.     For the period of May 25, 2020 to present, identify all meetings relating to the George Floyd Protests held by You and/or attended by any members of the Minneapolis Police Department, and describe the substance of what was discussed during those meetings.

13

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

**ANSWER:**  City Defendants incorporate their objections to the definition of "Identify" as set forth in answer to Interrogatory Numbers 1 and 2, incorporate their objections to the definition of "George Floyd Protests" as set forth in answer to Interrogatory Number 4, and incorporate their objections to the definition of "You" set forth in answer to Interrogatory Number 7.   City Defendants also object to this Interrogatory as being overly broad and unduly burdensome, particularly to the extent it seeks a narrative response and seeks information relating to meetings that did not involve Chief Arradondo and for which the City Defendants have no notice.  City Defendants further object to this Interrogatory to the extent it seeks information relating to the substance of meetings unrelated to the type of force alleged by Plaintiff, or that are protected by the attorney-client privilege.   City Defendants additionally object to this Interrogatory to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.  City Defendants finally object to this Interrogatory as being in excess of 25 Interrogatories.   Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive information unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 interrogatories.

14

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

9.      For the period May 25, 2020 to present, identify all meetings held between or among You and Defendants relating to Tirado.

**ANSWER:**  City Defendants incorporate all of their objections identified in answer to Interrogatory Number 8.  Subject to and without waiving these objections and the foregoing General Objections, City Defendants will not provide responsive information unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 interrogatories.

10.     Identify all individual Minneapolis Police Department personnel who responded in person to incidents at or around East 31st Street between Nicollet Ave. and 1st Ave. South, Nicollet Ave. between 31st Ave. and Lake Street, or West 31st Street between Nicollet Ave., and Blaisdell Ave, in the City of Minneapolis between May 29, 2020 at 10:00 pm CDT and May 30, 2020 at 1:00 am CDT.

**ANSWER:**  City Defendants object to this Interrogatory to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.  City Defendants also object to this Interrogatory to the extent it is temporally overly broad, seeking information relating to personnel after the time Plaintiff alleges she was injured.  City Defendants further object to this Interrogatory as being in excess of 25

15

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

Interrogatories.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive information unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 interrogatories.  City Defendants, however, direct Plaintiff to their Response to Document Request Number 2.

Dated: _____          _____
                                  Medaria Arradondo
                                  Chief of Police
                                  Minneapolis Police Department

AS TO OBJECTIONS:

Dated:  November 23, 2020         JAMES R. ROWADER, JR.
                                  City Attorney
                                  By */s Kristin R. Sarff*
                                  KRISTIN R. SARFF (0388003)
                                  SHARDA ENSLIN (0389370)
                                  HEATHER P. ROBERTSON (0390470)
                                  Assistant City Attorneys
                                  Minneapolis City Attorney's Office
                                  350 South Fifth Street, Room 210
                                  Minneapolis, MN 55415
                                  (612) 673-3919
                                  (612) 673-2180
                                  (612) 673-3949
                                  kristin.sarff@minneapolismn.gov
                                  sharda.enslin@minneapolismn.gov
                                  heather.robertson@minneapolismn.gov

                                  *Attorneys for City of Minneapolis and
                                  Medaria Arradondo*

16

EXHIBIT C TO DECLARATION OF KRISTIN R. SARFF

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Tirado, | Case No. 20-cv-01338 (JRT/ECW) |
| Plaintiff, | |
| vs. | **DEFENDANTS CITY OF MINNEAPOLIS AND MEDARIA ARRADONDO'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** |
| City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, *in his official capacity*; Robert Kroll, *in his individual capacity*; and Minneapolis Police Department Officers John Does 1-4, *in their official and individual capacities*, | |
| Defendants. | |

## GENERAL OBJECTIONS

Defendants City of Minneapolis and Medaria Arradondo (hereinafter "City Defendants") make the following General Objections to Plaintiff's First Set of Requests for Production of Documents ("Document Requests"):

1.      Regardless of Plaintiff's instructions and definitions, the City Defendants do not undertake any obligation to respond to Plaintiff's Document Requests other than those obligations set forth in the Federal Rules of Civil Procedure.

2.      The City Defendants object to Plaintiff's Document Requests to the extent that they seek information not proportional to the needs of the case, considering the importance of the issues at stake in this action, the importance of resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit.

3.      The City Defendants object to Plaintiff's Document Requests to the extent that they request privileged information not subject to discovery, including information protected by the attorney-client privilege, work product doctrine or any other privilege or protective doctrines.

4.      The City Defendants object to Plaintiff's Document Requests to the extent that they assume, imply, or require legal conclusions.

5.      The City Defendants object to Plaintiff's Document Requests to the extent that they seek information already in the custody and control of the Plaintiff.

6.      The City Defendants object to Plaintiff's Document Requests to the extent they are premature at this stage of the action, including but not limited to any effort to seek information concerning the City Defendants contentions or potential affirmative defenses to the action prior to the close of discovery in this case.

2

7.      The City Defendants object to Plaintiff's Document Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, duplicative, oppressive, harassing, or that they seek to require that the City Defendants undertake an unreasonable investigation.

8.      The City Defendants object to Plaintiff's Document Requests to the extent that they seek information in the possession and/or control of other parties, parties that have not been served in this matter, and entities that are not parties to this lawsuit, including, but not limited to, Robert Kroll, John Does, and Minnesota National Guard, and Minnesota State Patrol.

9.      The City Defendants object to Plaintiff's Document Requests to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

10.      The City Defendants object to Plaintiff's Document Requests to the extent they seek confidential information, including but not limited to, private personnel data, law enforcement information, and other private, non-public data. The City Defendants will produce relevant, non-privileged documents pursuant to the terms of a Protective Order.

11.      The City Defendants object to Plaintiff's Document Requests to the extent that they are directed to any persons or entities purporting to act on behalf

3

of the City of Minneapolis, Chief Arradondo or the Minneapolis Police Department.

12.     In providing these Responses, the City Defendants do not in any manner waive:

    a.    All objections relating to competence, relevance, materiality, privilege and admissibility;

    b.    All rights to object, on any grounds, to the use of these Responses, or information or documents provided in response to these Document Requests, in any other or subsequent proceedings, including any hearing in this or any other action;

    c.    All rights to object on any grounds to any further discovery requests involving or related to the subject matter of any of these Document Requests; and

    d.    All rights to supplement and/or amend these Responses based on recollections of persons presently unavailable or based upon the discovery of additional documents or evidence.

13.     City Defendants object to the Plaintiff's requests for electronically stored data or metadata to the extent it is overly broad, unduly burdensome, or not maintained by the City in the regular course of business.

14.     Each of these General Objections is incorporated into the City Defendant's Responses to each Document Request as if fully stated therein.

15.     These General Objections and Responses are based on information currently known.  The City Defendants reserve the right to amend, modify or

EXHIBIT D TO DECLARATION OF KRISTIN R. SARFF

supplement these General Objections and Responses to the fullest extent permitted by all applicable Rules and Court Orders.

## DOCUMENT REQUESTS

1.      Documents and Communications sufficient to identify each of John Does 1-4.

**RESPONSE:**    Plaintiff's Document Requests define "John Does 1-4" as "individual member or members of the Minneapolis Police Department or agents of the City of Minneapolis who were involved in causing the deployment of the less-lethal projectile that struck Tirado in her left eye."   City Defendants object to this definition and Document  Request on the grounds that the phrase "involved in causing" is vague, ambiguous, and seeks irrelevant information, particularly since the First Amended Complaint alleges Plaintiff was struck once in the left eye and, therefore, multiple individuals were not involved in causing her to allegedly be struck.  City Defendants also object to the definition of "John Does 1-4" and this Document Request on the grounds that it premature, particularly to the extent it presumes Plaintiff was struck in the eye with a less-lethal projectile by an MPD officer or agent.  City Defendants further object to this Document Request to the extent it seeks attorney work product or calls for a legal conclusion with respect to causation and whether an individual is an agent of the MPD, and improperly seeks to place the burden of identifying the John Does on the City Defendants.  City Defendants additionally object to this Document

5

Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and without conceding that Plaintiff was struck in the eye with a less-lethal projectile by an MPD officer, upon the entry of a Protective Order, the City Defendants will provide Plaintiff with relevant body worn camera video footage recorded on the evening of May 29, 2020, and a General Offense Report related to events occurring where Plaintiff claims to have been injured on May 29, 2020. Discovery is ongoing and the City Defendants reserve the right to supplement this Response.

2.      Documents and Communications sufficient to identify all officers of the Minneapolis Police Department on duty in the Area Near Minneapolis's Fifth Precinct during the May 29 Protests.

**RESPONSE:** Plaintiff has informed the City Defendants that she intends to amend her First Amended Complaint to allege that she was struck by a less-lethal projectile at approximately 11:34 p.m. on May 29, 2020. Plaintiff has also informed City Defendants that she will only provide information, including photographs and audio recording for the timeframe of 11:23 p.m. on May 29, 2020, to 11:59 on May 30, 2020, in response to the City Defendants' discovery requests. Plaintiff defines the term "May 29 Protests" to be a two-day period,

6

specifically, protests "occurring on May 29, 2020 and after midnight on May 30, 2020 in Minneapolis, Minnesota."

City Defendants object to Plaintiff's two-day period definition of "May 29 Protests" and the use of this term in the Document Request as being overly broad, unduly burdensome, seeking disproportionate discovery, and seeking irrelevant information unrelated to the time of Plaintiff's alleged injury, both before and after her alleged injury. City Defendants also object to the definition of "Area Near Minneapolis's Fifth Precinct" and this Document Request as being geographically over broad, unduly burdensome and seeking irrelevant information unrelated to the location where Plaintiff was allegedly injured. City Defendants further object to this Document Request as being overly broad, unduly burdensome, and seeking irrelevant information in so far as it seeks information sufficient to identify "all" officers on duty over a two-day period and in a geographically overly broad area. City Defendants additionally object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, upon the entry of a Protective Order, City Defendants will produce document(s) sufficient to identify the officers that were on duty for the Fifth

Precinct on May 29, 2020. Discovery is ongoing and the City Defendants reserve the right to amend this Response.

3.    Documents and Communications sufficient to identify all vehicles of the Minneapolis Police Department located in the Area Near Minneapolis's Fifth Precinct at any time during the May 29 Protests, as well as which officers were assigned to such vehicles.

**RESPONSE:**    City Defendants incorporate their objections to the definitions of "Area Near Minneapolis's Fifth Precinct" and "May 29 Protests" and use of those definitions as set forth in Response to Document Request Number 2.  City Defendants also object to this Document Request as being overly broad temporally and geographically, unduly burdensome, and seeking irrelevant information.  City Defendants further object to this Document Request as being compound and composed of two different Document Requests, in so far as it seeks information about both the identification of vehicles used and the identification of individuals using the vehicles, each of which will count toward the document request limit to be imposed by the Court upon the entry of a Scheduling Order or other order governing discovery.   City Defendants additionally object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, upon the entry of a Protective Order, City Defendants will provide

8

the Plaintiff with a General Offense Report and Incident Detail Report related to events occurring near the Fifth Precinct on May 29, 2020.  Discovery is ongoing and the City Defendants reserve the right to supplement this Response.

4.      All Minneapolis Police Department personnel files for any of John Does 1-4.

**RESPONSE:**  City Defendants incorporate their objections to the definition of "John Does 1-4" and use of that term as set forth in Response to Document Request Number 1.  City Defendants also object to this Document Request to the extent it improperly seeks to place the burden of identifying the John Does on the City Defendants, and calls for attorney work product.  City Defendants further object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and without conceding that Plaintiff was struck in the eye with a less-lethal projectile by an MPD officer, City Defendants will produce the personnel files of the John Does once identified by name by the Plaintiff and upon the entry of a Protective Order.

5.      All Documents and Communications relating to any complaints filed with the Internal Affairs Unit of the Minneapolis Police Department in connection with the George Floyd Protests or any Previous Press Incidents.

EXHIBIT D TO DECLARATION OF KRISTIN R. SARFF

**RESPONSE:**   Plaintiff's Document Requests defines "George Floyd Protests" as "the public protests, demonstrations, and gatherings that occurred from May 26, 2020 through June 3, 2020 in Minneapolis."   Plaintiff's Document Requests defines "Previous Press Incidents" as "any instances in which the Use of Force was utilized by You or any member of the Minneapolis Police Department or John Does 1-4 against any Member of the Press from August 18, 2008 to May 25, 2020, including but not limited to the Use of Force in connection with the 2008 Republican National Convention or related protest activities." Plaintiff's Document Requests also defines "Use of Force" to include various types of force, including, but not limited to, "restraint, hand or foot strikes, strikes with a baton . . . . chemical agents . . . flash-bang grenades, long-range audio devices, microwave beams, or strobe lights."   City Defendants object to these definitions and this Document Request as encompassing and seeking information that is overly broad, unduly burdensome, and irrelevant, particularly given that the stated temporal periods occur substantially before and after the Plaintiff's incident, and substantially before and after the May 26 to May 31, 2020, period which Plaintiff alleges to be the relevant period for her custom claim against the City.  City Defendants further object to this Document Request as being overly broad, unduly burdensome, and seeking irrelevant information in so far as it seeks information relating to complaints relating to uses of force

10

that bear no similarity to the Plaintiff's allegation that she was struck with a less-lethal projectile, and calling for documents protected by the attorney-client privilege or work product doctrine.   City Defendants additionally object to the Document Request as being overly broad and unduly burdensome in so far as it seeks "all" documents and communications relating to complaints made to the Internal Affairs Department, and objects on the basis that it calls for the production of information protected by the attorney-client privilege.  Moreover, City Defendants object to this Document Request as being unduly burdensome and requiring the City to undertake an unreasonable investigation because, as records are kept in the normal course of business, it would not be readily identifiable whether the complainant was a member of the press, particularly given the objectionably overbroad definition of "Member of the Press" provided by Plaintiff.  City Defendants additionally object to this Document Request to the extent it seeks information already in the possession or control of Plaintiff.  City Defendants finally object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and upon entry of a Protective Order, City Defendants will produce copies of complaints, if any, made to the Minneapolis Police Department's

11

Internal Affairs Unit relating to the use of less-lethal projectiles against known

members of the press between May 26 and May 31, 2020.

6.   All Documents and Communications related to Minneapolis Civilian Review Authority and Office of Police Conduct Review records in connection with the George Floyd Protests or any Previous Press Incidents.

**RESPONSE:**  City Defendants incorporate all of the objections set forth in

Response to Document Request Number 5.  Subject to and without waiving those

objections and the foregoing General Objections, and upon entry of a Protective

Order, City Defendants will produce copies of complaints, if any, made to the

Office of Police Conduct Review relating to the use of less-lethal projectiles

against known members of the press between May 26 and May 31, 2020.

7.   All Documents and Communications relating to any disciplinary proceedings against any Minneapolis Police Department officers, including but not limited to the John Does 1-4, in connection with the George Floyd Protests or any Previous Press Incidents.

**RESPONSE:**   City Defendants incorporate all objections set forth in

Response to Document Request Numbers 1 and 5 with respect to the definitions

and use of the terms "John Does 1-4," "George Floyd Protests, "Previous Press

Incidents," and "Use of Force."   City Defendants also object to this Document

Request as being overly broad and unduly burdensome in so far as it seeks "all"

documents and communications relating to any disciplinary hearings referenced,

and objects on the basis that it calls for the production of information protected

by the attorney-client privilege or attorney work product doctrine. City

12

Defendants finally object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and upon entry of a Protective Order, City Defendants will produce documents related to any disciplinary proceedings involving allegations of improper uses of less-lethal projectiles against known members of the press between May 26 and May 31, 2020, and documents related to any disciplinary proceedings against the John Doe who allegedly struck Plaintiff with a less-lethal projectile, once identified by name by the Plaintiff, to the extent they relate to incidents occurring between May 26 and May 31, 2020, incidents involving known members of the press, or incidents using less-lethal projectiles.

8.  All Documents and Communications relating to any discussion, decision, command, or instruction by You, the Minneapolis Police Department, the Minnesota Peace Officer Standards and Training (POST) Board, or any Defendant regarding whether or not to conduct any disciplinary proceedings against any Minneapolis Police Department personnel, including but not limited to any of the John Does 1-4, in connection with the George Floyd Protests and any Previous Press Incidents.

**RESPONSE:**   City Defendants incorporate all objections set forth in response to Document Request Numbers 1 and 5 with respect to the definitions and use of the terms "John Does 1-4," "George Floyd Protests," "Previous Press Incidents," and "Use of Force." City Defendants also object to this Document

13

Request as being overly broad and unduly burdensome with respect to the breadth of the definition of "You" and in so far as it seeks "all" documents and communications relating to any "discussion, decision, command, or instruction." City Defendants further object to this Document Request on the basis that it calls for the production of information protected by the attorney-client privilege. City Defendants additionally object to this Document Request to the extent it seeks information in the custody and control of POST or another Defendant, and outside the custody and control of the City Defendants. City Defendants finally object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, and upon entry of a Protective Order, City Defendants will produce documents related to any disciplinary proceedings involving allegations of improper uses of less-lethal projectiles against known members of the press between May 26 and May 31, 2020, and against the John Doe who allegedly struck Plaintiff with a less-lethal projectile, once identified by name by the Plaintiff, to the extent they relate to incidents occurring between May 26 and May 31, 2020, incidents involving known members of the press, or incidents using less-lethal projectiles.

14

9.     For the period May 25, 2020 to present, all Documents and Communications regarding the assignment and tracking of any of the following items used by the Minneapolis Police Department during the George Floyd Protests: a) less-lethal or non-lethal projectiles; b) ballistic tracking rounds, foam rounds or bullets, chemical irritants, firearms, weapons, SWAT gear, or combat gear; and c) other equipment, ammunition, weapons or devices.

**RESPONSE:**  City Defendants object to this Document Request as being unduly burdensome, overly broad, and seeking irrelevant information, particularly to the extent it seeks information with respect to equipment and munitions that are not alleged to have been involved in Plaintiff's incident and for a time period unrelated to Plaintiff's incident or the custom alleged to exist by Plaintiff.   City Defendants also object to this Document Request as being compound and consisting of at least twelve document requests in so far as it seeks both assignment and tracking related information for at least twelve different types of equipment and munition, each of which will count toward the document request limit to be imposed by the Court upon the entry of a Scheduling Order or other order governing discovery.  City Defendants further object to this Document Request as being unduly and burdensome in so far as it seeks "all" documents and communications related to the equipment and munitions listed. City Defendants additionally object to this Document Request

15

to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, upon entry of a protective order, City Defendants will produce documents related to the assignment and tracking of less-lethal projectiles between May 26 and May 31, 2020.

10. For the period of May 25, 2020 to present, all Documents and Communications relating to any Dispersal Order issued during the May 29 Protests.

**RESPONSE:** City Defendants object to this Document Request as being unduly burdensome, overly broad, and seeking irrelevant information to the extent it seeks information relating to any dispersal orders provided at a date and time unrelated to Plaintiff's alleged injury on May 29 at approximately 11:34 p.m. and to the extent it seeks "all" documents and communications. City Defendants also object to this Document request as seeking information equally within the Plaintiff's possession and control to the extent it related to dispersal orders made by law enforcement agencies other than the Minneapolis Police Department. City Defendants further object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

16

Subject to and without waiving these objections and the foregoing General Objections, upon entry of a protective order, City Defendants will provide relevant body worn camera video footage, radio recordings, and a General Offense Report related to area where Plaintiff claims to have been injured on the evening of May 29, 2020.

11. All body worn camera video footage recorded from May 29, 2020 at 10:00 p.m. CDT and May 30, 2020 at 1:00 a.m. CDT by Minneapolis Police Department officers who were on duty at or around the Area Near Minneapolis' Fifth Precinct during that time period.

**RESPONSE:** City Defendants incorporate their objections to the definition and use of the term "Area Near Minneapolis's Fifth Precinct" as set forth in response to Document Request Number 2. City Defendants also object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act. Subject to and without waiving these objections and the foregoing General Objections, upon entry of a protective order, City Defendants will provide relevant body worn camera footage for officers on duty for the Fifth Precinct on the evening of May 29, 2020.

12. All video records, including police surveillance or building security footage recorded at any time between May 29, 2020 at 10:00 p.m. CDT and May 30, 2020 at 1:00 a.m. CDT and capturing footage of or around the Area Near the Minneapolis's Fifth Precinct, including but not limited to cameras affixed to the awning over the sidewalk and stairs leading to the Minneapolis Police Department Fifth Precinct building's Nicollet Avenue

17

entrance or affixed to the northernmost overhang of the building on the 31st Avenue side.

**RESPONSE:**  City Defendants incorporate their objections to the definition and use of the term "Area Near Minneapolis's Fifth Precinct" as set forth in response to Document Request Number 2.  City Defendants also object to this Document Request as being overly broad and seeking irrelevant information to the extent it seeks video recording after Plaintiff's alleged incident. City Defendants further object to the Document Request on the grounds that the term "police surveillance" is vague and ambiguous, and to the extent it seeks information outside the possession and control of the City Defendants.  City Defendants further object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, upon entry of a protective order, City Defendants will provide video recording from the Fifth Precinct building on the evening of May 29, 2020.

13.   All traffic camera footage recorded at any time between May 29, 2020 at 10:00 p.m. CDT and May 30, 2020 at 1:00 a.m. CDT of or around East 31st Street between Nicollet Ave. and 1st Ave. South, Nicollet Ave. between 31st Ave. and Lake Street, or West 31st Street between Nicollet Ave. and Blaisdell Ave.

**RESPONSE:**  City Defendants object to this Document Request to the extent it seeks information outside the possession and control of the City

18

Defendants.   City Defendants also object to this Document Request as being overly broad and seeking irrelevant information to the extent it seeks camera footage after Plaintiff's alleged incident.   City Defendants further object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.

Subject to and without waiving these objections and the foregoing General Objections, upon entry of a protective order, City Defendants will provide traffic camera footage at the requested locations, if any, on the evening of May 29, 2020.

14.   For the period May 25, 2020 to present, all Documents and Communications, including but not limited to incident reports or incident summaries, relating to any Use of Force during the George Floyd Protests, including but not limited to incident reports or incident summaries involving Members of the Press.

**RESPONSE:**  City Defendants incorporate their objections to the definition and use of the terms "Use of Force" and "George Floyd Protests" as set forth in response to Document Request Number 5.  City Defendants also object to this Document Request as being unduly burdensome and requiring the City to undertake an unreasonable investigation because, as records are kept in the normal course of business, it would not be readily identifiable whether an incident involved a member of the press, particularly given the objectionably overbroad definition of "Member of the Press" provided by Plaintiff.   City

19

Defendants further object to this Document Request as being unduly burdensome, overly broad, and seeking irrelevant information, particularly to the extent it seeks information with respect to uses of force that are not alleged to have been involved in Plaintiff's incident and for the time period after May 31, 2020, which is unrelated the custom alleged to exist by Plaintiff.  City Defendants finally object to this Document Request as being in excess of 25 Document Requests.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive documents unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 document requests.

15. For the period May 25, 2020 to present, all Documents and Communications between or among You and any Defendant relating to Tirado.

**RESPONSE:** City Defendants object to this Document Request to the extent it seeks information protected by the attorney-client privilege.  City Defendants also object to this Document Request as being overly broad and unduly burdensome based on the breadth of the definition of "You" provided by Plaintiff, particularly to the extent it includes all City employees and those "purporting to act on behalf of" the City, MPD, or Chief Arradondo. City Defendants also object to this Document Request to the extent it seeks

20

information equally within the possession of other Defendants.  City Defendants further object to this Document Request as being in excess of 25 Document Requests.  City Defendants additionally object to this Document Request on the grounds that Plaintiff has not yet identified the John Doe Defendants by name, making a complete search for information impossible.  City Defendants finally object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive documents, if any exist, unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 document requests.

16.     All Documents and Communications between or among You and any Defendants relating to the Use of Force (including but not limited to the use of less-lethal or non-lethal projectiles) against any Members of the Press in connection with public protests, riots, demonstrations or gatherings.

**RESPONSE:**  City Defendants incorporate their objections to the definition and use of the terms "Use of Force, "Members of the Press," and "You" as set forth in response to Document Request Numbers 5, 8 and 14.  City Defendants object to this Document Request to the extent it seeks information protected by the attorney-client privilege.  City Defendants also object to this Document

21

Request as being unduly burdensome and overly broad based on the temporal period listed in the Plaintiff's instructions and definitions, being August 18, 2008, to the present, particularly since this period is substantially before and after the custom alleged to exist by Plaintiff.  Moreover, City Defendants object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.  City Defendants finally object to this Document Request as being in excess of 25 Document Requests.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive documents, if any exist, unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 document requests.

17.     All recordings, photographs or videos relating to: a) Tirado; b) any Members of the Press taken during the George Floyd Protests; and c) any Previous Press Incidents.

**RESPONSE:**      City Defendants incorporate their objections to the definition and use of the terms "Members of the Press," "George Floyd Protests," "Previous Press Incidents" and "Use of Force" as set forth in response to Document Request Numbers 5, 8, and 14.  City Defendants also object to this Document Request as being overly broad, unduly burdensome, and seeking irrelevant information, particularly to the extent it seeks information about uses

22

of force unrelated to the use of less-lethal projectiles, as alleged to have been used in Plaintiff's incident.   City Defendants also object to this Document Request as being unduly burdensome and requiring the City to undertake an unreasonable investigation because, as records are kept in the normal course of business, it would not be readily identifiable whether the incident involved a member of the press, particularly given the objectionably overbroad definition of "Member of the Press" provided by Plaintiff.  City Defendants further object this Document Request as being compound and composed of at least three different Document Requests, in so far as it seeks information about: (1) Tirado, (2) Members of the Press, and (3) Previous Press Incidents, each of which will count toward the document request limit to be imposed by the Court upon the entry of a Scheduling Order or other order governing discovery.   Moreover, City Defendants object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.  City Defendants finally object to this Document Request as being in excess of 25 Document Requests.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive documents, if any exist, unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 document requests.

23

18. All Documents and Communications relating to any customs, practices, policies or procedures of the Minneapolis Police Department relating to: a) the Use of Force; b) the use of ballistic tracking rounds; c) crowd control (including but not limited to public protests, riots, demonstrations or gatherings); and d) the identification or treatment of any Member of the Press in connection with any of the above.

**RESPONSE:** City Defendants incorporate their objections to the definition and use of the terms "Use of Force" and "Member of the Press" as set forth in response to Document Request Number 5. City Defendants also object to this Document Request as being unduly burdensome and overly broad both temporally and in so far as it requests "all" documents and communications. City Defendants further object to this Document Request as being unduly burdensome and requiring the City to undertake an unreasonable investigation because, as records are kept in the normal course of business, it would not be readily identifiable whether the incident involved a member of the press, particularly given the objectionably overbroad definition of "Member of the Press" provided by Plaintiff. City Defendants further object to this Document Request as being compound and composed of at least seven different Document Requests, in so far as it seeks information about: (1) customs, (2) practices, and (3) policies or procedures pertaining to (5) broadly defined Uses of Force, (6) use of ballistic tracking rounds, and (7) crowd control, each of which will count toward the document request limit to be imposed by the Court upon the entry of a Scheduling Order or other order governing discovery. Moreover, City

24

Defendants object to this Document Request to the extent it seeks private, non-public personnel data or other data prohibited from disclosure by the Minnesota Government Data Practices Act.  City Defendants finally object to this Document Request as being in excess of 25 Document Requests.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive documents unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 document requests.

19.    All Documents and Communications relating to any manufacturer recommendations regarding the Minneapolis Police Department's: a) use of less-lethal or non-lethal projectiles (including but not limited to foam rounds or bullets and marking rounds); and b) use of chemical irritants.

**RESPONSE:**        City Defendants object to this Document Request on the grounds it is overly broad and unduly burdensome in so far as it seeks "all" documents and communications and seeks irrelevant information, particularly with respect to manufacturer's recommendations pertaining to the use of chemical irritants, which are not alleged to have been used against Plaintiff.  City Defendants also object to this Document Request on the grounds that it seeks information equally within the possession of the Plaintiff, and based on the allegations in the Amended Complaint, are already within the Plaintiff's possession.  City Defendants further object this Document Request as being compound and composed of at least two different Document Requests, in so far

25

as it seeks information about different manufacturers' recommendations pertaining to (1) less-lethal or non-lethal projectiles, and (2) chemical irritants, each of which will count toward the document request limit to be imposed by the Court upon the entry of a Scheduling Order or other order governing discovery. City Defendants additionally object to this Document Request as being in excess of 25 Document Requests.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive documents, if any, unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 document requests.

20.    All Documents and Communications relating to any training programs, courses or education of Minneapolis Police Department officers, employees or officials – including those performed by equipment manufacturers, other third parties, the Minneapolis Police Department, the Minnesota Peace Officer Standards and Training (POST) Board, or other government-related bodies – that relate to: a) the Use of Force; b) the use of less-lethal or non-lethal projectiles; c) the use of foam rounds or bullets, weapons, firearms, devices, SWAT gear, combat gear chemical irritants; and d) any tactics or methods used for crowd control, public protests, riots or other public demonstrations or gatherings.

RESPONSE:  City Defendants incorporate their objections to the definition and use of the term "Use of Force" as set forth in response to Document Request Number 5.  City Defendants object to this Document Request as being compound and composed of at least eighteen different Document Requests, in so far as it seeks information about various training and education by no less than six

26

different bodies on well over a dozen topics, each of which will count toward the document request limit to be imposed by the Court upon the entry of a Scheduling Order or other order governing discovery.   City Defendants also object to this Document Request as being overly broad, unduly burdensome, and seeking irrelevant information, both temporally and substantively.   City Defendants further object to this Document Request to the extent it seeks information within the possession and control of other entities and also equally within the Plaintiff's possession.   Moreover, City Defendants object to this Document Request to the extent it seeks private, non-public data or other data prohibited from disclosure by the Minnesota Government Data Practices Act. City Defendants finally object to this Document Request as being in excess of 25 Document Requests.  Subject to and without waiving these objections and the foregoing General Objections, the City Defendants will not provide responsive documents unless and until the Court issues an order permitting discovery in excess of the customary and regularly enforced practice limiting discovery to 25 document requests.

Dated: _____          _____

                                                                    Medaria Arradondo
                                                                    Chief of Police
                                                                    Minneapolis Police Department

27

AS TO OBJECTIONS:

Dated: November 23, 2020            JAMES R. ROWADER, JR.
City Attorney
By */s Kristin R. Sarff*
KRISTIN R. SARFF (0388003)
SHARDA ENSLIN (0389370)
HEATHER ROBERTSON (0390470)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3919
(612) 673-2180
(612) 673-3949
kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov
heather.robertson@minneapolismn.gov

*Attorneys for City of Minneapolis and Medaria Arradondo*

28

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Linda Tirado,

    Plaintiff,

  vs.

City of Minneapolis, Minnesota Chief of
Police Medaria Arradondo, *in his official
capacity*; Robert Kroll, *in his individual
capacity*; and John Does 1-4, *in their
individual and official capacities,*

    Defendants.

Case No. 20-CV-01338 (JRT/ECW)

**DEFENDANTS
CITY OF MINNEAPOLIS' AND
MEDARIA ARRADONDO'S
RULE 26 INITIAL DISCLOSURES**

---

  Pursuant to Rule 26(a)(1), Defendants Minneapolis Chief of Police Medaria Arradondo, in his official capacity, and the City of Minneapolis ("City Defendants") make the following initial disclosures concerning the disputed facts alleged with particularity in the pleadings.

## INTRODUCTORY STATEMENT

  The following disclosures are made based on the information reasonably available to the City Defendants as of the date hereof.  By making these disclosures, the City Defendants do not represent that they are identifying every document, tangible thing or witness that they may possibly use to support their claims or defenses.  The City Defendants' disclosures represent a good faith effort to identify information they reasonably believe may be used to support their claims or defenses, unless solely for impeachment, as required by Rule 26(a)(1).

Finally, the City Defendants' disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, data classification or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## DISCLOSURES

A.   Name and, if known, the address and telephone number of each individual likely to have discoverable information that City Defendants may use to support their claims or defenses, unless solely for impeachment, identifying the subjects of the information.

| Name and Address | Subject matter of the Information |
|---|---|
| City employees, including Minneapolis Police Department personnel may be contacted through counsel for City Defendants.<br><br>• Daryl McKenna<br>• Andrew Stender<br>• John Owen<br>• Shannon Barnette<br>• Dominic Manelli<br>• Kristopher Dauble<br>• Justin Stetson<br>• Cory Taylor<br>• Xavier Rucker<br>• Tyler Klund<br>• Spencer Ericson<br>• Chad Fuchs<br>• Graham Plys<br>• David Robins<br>• Timothy Davis | Knowledge of police events occurring on May 26, 2020 |

| Name and Address | Subject matter of the Information |
|---|---|
| • Nathan Sundberg | |
| • Andrew Allen | |
| • Benjamin Hain | |
| • Saul Garza | |
| • Andrew Bittell | |
| • Ryan Carrero | |
| • Justin Young | |
| • Donovan Ford | |
| • Mark Riggenberg | |
| • Michael Osbeck, Jr. | |
| • Matthew Kaminski | |
| • Adam Hakanson | |
| • Samantha Belcourt | |
| • Rian Jensen | |
| • Mark Hanneman | |
| • Mark Doll | |
| • Benjamin Johnson | |
| • Joseph Grout | |
| • Conan Hickey | |
| • Andrew Allen | |
| • Christopher Bennet | |
| • Joseph Osuji | |
| • Scott Creighton | |
| • Nicholas Pielert | |
| • Souphaphone Daoheuang | |
| • Efrem Hamilton | |
| • Hu Her | |
| • Robert Hieple | |
| • Amanda Hanchez | |
| • Benjamin Chaput | |
| • Daniel Paine | |
| • Davis Mueller | |
| • Matthew Cashin | |
| • Cory Fitch | |
| • Jesada Moua | |
| • Christopher Carlson | |
| • Chaz Wilson | |
| • Ryan Kingdon | |
| • Melissa Dalnes | |

| Name and Address | Subject matter of the Information |
|---|---|
| • Jerome Carey<br>• Kristopher Brown<br>• Calvin Cook<br>• Russell Lind<br>• Lucas Nightengale<br>• Peter Bacon<br>• George Judkins<br>• Adam Moen<br>• Daniel Lysholm<br>• Anthony Olson<br>• Paul Hatle<br>• Luke Bakken<br>• Christopher Hudok<br>• Joel Hagen<br>• Nathan Dzuik<br>• Gabriel Grout | |
| • Andrew Stender<br>• Matthew Kaminski<br>• Kristopher Dauble<br>• Gabriel Grout<br>• Donovan Ford<br>• Xavier Rucker<br>• Toula Lor<br>• Jon Schliesing<br>• Joel Pucely<br>• Jeremy Riley<br>• Samantha Belcourt<br>• Brandon Knuth<br>• Justin Young<br>• Ben Bauer<br>• Mark Ringgenberg<br>• Rian Jensen<br>• Ryan McCann<br>• Michael Meath<br>• Daniel Ungurian<br>• Daniel Payne<br>• Benjamin Chaput<br>• Shannon Barnette<br>• Nick Englud<br>• Andrew Bittel | Knowledge of police events occurring on May 27, 2020 |

| Name and Address | Subject matter of the Information |
|---|---|
| • Christopher Cushenberry<br>• Timothy Davis<br>• Nathan Sundberg<br>• Cory Taylor<br>• Tyler Klund<br>• Mark Hanneman<br>• Eric Duong<br>• Daniel Schwarze<br>• George Peltz<br>• Lucas Peterson<br>• Mark Doll<br>• Brian Bennett<br>• Craig Crisp<br>• Andrew Braun<br>• Juan Valencia<br>• Shawn Kelly<br>• Paul Huynh<br>• Johnathan Pobuda<br>• Marcus Ottney<br>• Efram Hamilton<br>• Souphaphone Daoheuang<br>• Adam Lewis<br>• Luis Realivasquez<br>• Jacob Weess<br>• Conan Hickey<br>• Brian Collins<br>• Kevin Angerhofer<br>• Joseph Osuji<br>• Joshua Otto<br>• Nicholas Pielert<br>• Daryl McKenna<br>• Dominic Manelli<br>• Alexander Walls<br>• Johnny Mercil<br>• Ryan O'Hara<br>• Calvin Cook<br>• Ryan Knoll | |
| • Joel Pucely<br>• Donavan Ford<br>• John Schliesing<br>• Conan Hickey | Knowledge of police events occurring on May 28, 2020 |

| Name and Address | Subject matter of the Information |
|---|---|
| • Benjamin Johnson | |
| • Mark Doll | |
| • Samantha Belcourt | |
| • Paul Huynh | |
| • Jonathon Pobuda | |
| • Marcus Ottney | |
| • John Vinck | |
| • John Owen | |
| • Austin Seeley | |
| • Efrem Hamilton | |
| • John Stalboerger | |
| • Brandon Noble | |
| • George Peltz | |
| • Craig Williams | |
| • Souphaphone Daoheuang | |
| • Adam Lewis | |
| • Dominic Manelli | |
| • Aaron Pearson | |
| • Ryan O'Hara | |
| • Ryan Knoll | |
| • Benjamin Campbell | |
| • Alexandra Dubay | |
| • Logan Johannson | |
| • Darcy Klund | |
| • Matthew Kipke | |
| • Benjamin Bauer | |
| • Michael Meath | |
| • Mark Hanneman | |
| • Daniel Ungurian | |
| • Kyle Schroeder | |
| • Adam Hakanson | |
| • Oscar Macias | |
| • Ryan McCann | |
| • Dustin Schwarze | |
| • Thomas Campbell | |
| • Matthew Severance | |
| • Brandon Knuth | |
| • Justin Young | |
| • Rian Jensen | |

| Name and Address | Subject matter of the Information |
|---|---|
| • Joshua Rick<br>• Benjamin Johnson<br>• Gabriel Grout<br>• Andrew Allen<br>• Peter Bacon<br>• Timothy Hanks<br>• Benjamin Hain<br>• Zachary Seraphine<br>• Lonnie Hoffbeck<br>• Andrew Ruden<br>• Joshua Metcalf<br>• Cory Krautkramer<br>• Johnny Mercil<br>• John Biederman<br>• Michael Saas<br>• Thomas Schmid<br>• Michael Soucy<br>• Shawn Kelly<br>• Russell Lind<br>• Saul Garza<br>• Lucas Peterson<br>• Abdirahman Ali<br>• Shannon Barnette | |
| • Tyrone Barze<br>• Mark Doll<br>• Mark Riggenberg<br>• Xavier Rucker<br>• Nathan Sundberg<br>• Mark Hanneman<br>• Benjamin Bauer<br>• Rian Jensen<br>• Michael Meath<br>• Tyler Klund<br>• Samantha Belcourt<br>• Justin Stetson<br>• Kristopher Dauble<br>• Dustin Schwarze<br>• Cory Taylor | Knowledge of police and law enforcement events occurring on May 29, 2020 |

| Name and Address | Subject matter of the Information |
|---|---|
| • Chad Fuchs | |
| • Austin Seeley | |
| • Ryan McCann | |
| • Cory Krautkramer | |
| • Eric Duong | |
| • Christopher Cushenberry | |
| • Adam Hakanson | |
| • Zachary Seraphine | |
| • Andrew Bittell | |
| • Lucas Peterson | |
| • Andrew Braun | |
| • George Peltz | |
| • John Biederman | |
| • Brian Bennett | |
| • Daniel Ungurian | |
| • Andrew Allen | |
| • Shawn Kelly | |
| • Paul Huynh | |
| • Jonathon Pobuda | |
| • Marcus Ottney | |
| • Souphaphone Daoheuang | |
| • William Martin | |
| • Conan Hickey | |
| • Kevin Angerhofer | |
| • Brian Collins | |
| • Joseph Osuji | |
| • Nicholas Pielert | |
| • Oscar Macias | |
| • Johnny Mercil | |
| • Juan Valencia | |
| • Kyle Schroeder | |
| • Ryan O'Hara | |
| • Efrem Hamilton | |
| • Ryan Knoll | |
| • Andrew Stender | |
| • Benjamin Hain | |
| • Sawyer Moen | |
| • Aaron Pearson | |
| • Benjamin Campbell | |

| Name and Address | Subject matter of the Information |
|---|---|
| • Daryl McKenna<br>• Christopher Bennett<br>• Michael Glavan<br>• Joshua Rick<br>• Logan Johansson<br>• John Vinck<br>• Sarah James<br>• Alexandra Dubay<br>• Benjamin Johnson<br>• Brandon Knuth<br>• Brian Anderson<br>• Chaz Wilson<br>• Chris Smith<br>• Christopher Pickhardt<br>• Craig Crisp<br>• Darcy Klund<br>• Davis Muller<br>• Donovan Ford<br>• Gabriel Grout<br>• Jerome Carey<br>• Joel Pucely<br>• John Owen<br>• Jon Schliesing<br>• Joshua Metcalf<br>• Ryan Kelly<br>• Matthew Cashin<br>• Matthew Kaminski<br>• Matthew Lindquist<br>• Michael Nordin<br>• Michael Osbeck, Jr.<br>• Mike Nimlos<br>• Scott Creighton<br>• Steven Laux<br>• Zakari Ketchmark | |
| • James Walker<br>• Michael Chiappetta<br>• Clifton Toles<br>• Steve Wuorinen | Knowledge of police events on May 30, 2020 |

| Name and Address | Subject matter of the Information |
|---|---|
| • Jeffrey Pennaz | |
| • Thomas Bernardson | |
| • Brianna Garman | |
| • Aimee Colegrove | |
| • Jamie Karshbaum | |
| • Jason Anderson | |
| • Luke Eckert | |
| • Justin Churchill | |
| • Robert Allickson | |
| • Jason Okerberg | |
| • Christopher Bishop | |
| • Chad Martin | |
| • Nicole Mackenzie | |
| • Matthew St. George | |
| • Samantha Belcourt | |
| • Ronald Stenerson | |
| • Michael Primozich | |
| • Karl Olson | |
| • Mark Riggenberg | |
| • Michael Osbeck, Jr. | |
| • Kristopher Dauble | |
| • Tyler Klund | |
| • Justin Stetson | |
| • Grant Johnson | |
| • Michael Fontaine | |
| • Mark Doll | |
| • Johnathon Pobuda | |
| • Christopher Cushenbery | |
| • Michael Pfaff | |
| • Cory Taylor | |
| • Michael Heyer | |
| • Cory Krautkramer | |
| • Jeffrey Webb | |
| • Grant Johnson | |
| • Charles White | |
| • Zachary Seraphine | |
| • Dustin Schwarze | |
| • Xavier Rucker | |
| • Andrew Bittell | |

| Name and Address | Subject matter of the Information |
|---|---|
| • Kyle Schroeder<br>• Thomas Campbell<br>• Ryan O'Hara<br>• Juan Valencia<br>• Mike Nimlos<br>• Alexandra Dubay<br>• Benjamin Johnson<br>• Brandon Knuth<br>• Matthew Kipke<br>• Craig Crisp<br>• Donovan Ford<br>• Gabriel Grout<br>• Joel Pucely<br>• Jon Schliesing<br>• Ryan Kelly<br>• Matthew Kaminski<br>• Michael Nordin<br>• Michael Osbeck, Jr.<br>• Scott Creighton<br>• Steven Laux<br>• Conan Hickey<br>• Peter Bacon<br>• Tyrone Barze<br>• Rian Jensen<br>• Lucas Peterson<br>• Joshua Rick<br>• Shawn Kelly<br>• Daniel Ungurian<br>• Logan Johansen<br>• Brian Bennett<br>• Nathan Sundberg<br>• Austin Seely<br>• Ryan McCann<br>• Michael Glavan<br>• Marcus Ottney<br>• Andrew Braun<br>• Michael Meath<br>• Marc Hanneman<br>• Adam Hakanson | |

| Name and Address | Subject matter of the Information |
|---|---|
| • William Martin<br>• Alexander Pearson<br>• George Peltz<br>• Andrew Allen<br>• Andrew Stender | |
| • Benjamin Bauer<br>• Zachary Seraphine<br>• Rian Jensen<br>• Mark Hanneman<br>• William Martin<br>• Mark Doll<br>• Lucas Peterson<br>• Eric Duong<br>• Tyler Klund<br>• Darcy Klund<br>• Michael Soucy<br>• Andrew Bittell<br>• Daniel Ligneel<br>• Carlos Escobar<br>• Michael Osbeck, Jr.<br>• Adam Moen<br>• Michael Glavan<br>• Efrem Hamilton<br>• Gabriel Grout<br>• Brandon Knuth<br>• John Schliesing<br>• Juan Valencia<br>• John Sysaath<br>• Samantha Belcourt<br>• Cory Krautkramer<br>• Ryan Kelly<br>• Justin Stetson<br>• Joshua Metcalf<br>• John Biederman<br>• Daniel Ungurian<br>• Adam Hakanson<br>• Matthew Kaminski<br>• Michael Meath<br>• Ryan McCann | Knowledge of police events on May 31, 2020 |

| Name and Address | Subject matter of the Information |
|---|---|
| • Marcus Ottney | |
| • Jonathan Pobuda | |
| • Souphaphone Daoheuang | |
| • John Vinck | |
| • Danielle Phernetton | |
| • George Peltz | |
| • Andrew Braun | |
| • Samantha Belcourt | |
| • Adam Lewis | |
| • Kevin Angerhofer | |
| • Justin Young | |
| • Dominic Manelli | |
| • Ryan O'Hara | |
| • Ryan Knoll | |
| • Andrew Stender | |
| • Alexandra Dubay | |
| • Shawn Kelly | |
| • Efram Hamilton | |
| • Jacob Skowronek | |
| • Joshua Rick | |
| • Souphaphone Daoheuang | |
| • John Vinck | |
| • Danielle Phernetton | |
| • George Petlz | |
| • Heather Sterzinger | |
| • Sherry Appledorn | |
| • Steven Klimpke | |
| • Lucas Peterson | |
| • Mohamed Jama | |
| • Justin Riesdorfer | |
| • Daniel Ungurian | |
| • Alexander Walls | |
| • Chris Smith | |
| • Adam Lewis | |
| • Kevin Angerhofer | |
| • Justin Young | |
| • Dominic Manelli | |
| • Ryan O'Hara | |
| • Ryan Knoll | |

| Name and Address | Subject matter of the Information |
| --- | --- |
| Chief of Police Medaria Arradondo, Deputy Chief Kathy Waite, Deputy Chief Amelia Huffman, and Commander Scott Gerlicher | Knowledge of the Minneapolis Police Department's response to the May 26 to May 31, 2020, protests and riots in Minneapolis, the continuing and widespread property destruction and life-threatening conduct occurring during the riots, the MPD's policies, practices, and customs relating to civil unrest, use of force and protection of First Amendment activities, and the presence of other law enforcement agencies near the Fifth Precinct on the evening of May 29, 2020. |
| Sgts. Kevin Angerhofer and Tony Caspers | Training relating to use of less-lethal munitions. |
| MPD training unit personnel | Training relating to use of force, civil unrest, and protection of First Amendment activities. |
| Fire Chief Bryan Tyner | Knowledge of the Minneapolis Fire Department's response to fires, acts of arson, and assaults on firefighters from May 26 to May 31, 2020. |
| Minnesota Department of Public Safety Commissioner John Harrington, Minnesota State Patrol Colonel Matthew Langer, and unknown members of the Minnesota State Patrol. | Knowledge of the presence of state law enforcement near the Fifth Precinct on May 29, 2020, and the less-lethal munitions used by state law enforcement. |
| Plaintiff Linda Tirado | Knowledge of the incident at-issue and riot, assault against officers, and acts of arson on May 29, 2020, near the Fifth Precinct. |
| Defendant Robert Kroll | Communications with the City of Minneapolis and Minneapolis Police Department, or lack thereof, between May 26 and May 31, 2020. |
| All individuals listed in the Plaintiff's and Defendant Robert Kroll's initial disclosures. | |

B.    A copy of, or a description by category and location of, all documents, data compilations and tangible things in the possession, custody, or control of the City Defendants and that City Defendants may use to support their claims or defenses, unless solely for impeachment.

**Please note that certain documents listed below are designated Confidential pursuant to the Protective Order in this case.**

| Description of document(s) | Bates number(s) |
|---|---|
| General Offense Reports, CAD Reports, and Incident Detail Reports related to protests, riots and civil unrest from May 26, 2020, to May 31, 2020 | MPLS_Tirado000001-MPLS_Tirado001537 |
| Article from CrimethInc.com "The Siege of the Third Precinct in Minneapolis An Account and Analysis" | MPLS_Tirado001538-MPLS_Tirado001567 |
| Internal Emails regarding protest response | MPLS_Tirado001568-MPLS_Triado001593; MPLS_Tirado002370-MPLS_Tirado002392 |
| Press releases from MPD regarding protests | MPLS_Tirado001594-MPLS_Tirado001596 |
| Article from the Star Tribune regarding protests | MPLS_Tirado001597-MPLS_Tirado001600 |
| Minneapolis Police Department Policy & Procedure Manual effective 3-31-2020 (version in effect in May 2020) | MPLS_Tirado001601-MPLS_Tirado002148 |
| Special Orders modifying the Policy and Procedure Manual from 4-1-2020 to present | MPLS_Tirado002149-MPLS_Tirado002369 |
| Minneapolis Police Department training materials regarding protests, the First Amendment, crowd control, demonstrations, mass arrests, use of chemical irritants, and use of less-lethal munitions | MPLS_Tirado002393-MPLS_Tirado006646 |

| Description of document(s) | Bates number(s) |
|---|---|
| E-mail correspondence relating to use of 40mm projectiles | MPLS_Tirado006647-MPLS_Tirado006649 |
| 2020 Protest Munitions Used | MPLS_Tirado006650 |
| PowerPoint presentation, Chemical Munitions and Crowd Control Re-Cert | MPLS_Tirado006651-MPLS_Tirado006730 |
| Index and Body Worn Camera footage for:<br>William Martin<br>Andrew Stender<br>Donovan Ford<br>Nathan Sundberg<br>Kyle Schroeder<br>Xavier Rucker<br>Kristopher Dauble<br>Cory Taylor<br>Tyler Klund<br>Brian Bennett<br>Juan Valencia<br>Gabriel Grout<br>Craig Crisp<br>Logan Johnson<br>Samantha Belcourt<br>Efrem Hamilton<br>Ryan Kelly<br>Matthew Kipke<br>Justin Stetson<br>Christopher Cushenbery<br>Andrew Bittell<br>Brian Collins<br>Scott Creighton<br>Mike Nimlos<br>John Vinck<br>Benjamin Johnson<br>Benjamin Bauer<br>Ryan McCann<br>Mark Hanneman<br>Adam Hakanson<br>Daniel Ungurian<br>Michael Glavan<br>Michael Meath | MPLS_Tirado006731-MPLS_Tirado006809,<br>MPLS_Tirado006810 |

| Description of document(s) | Bates number(s) |
| --- | --- |
| Andrew Allen | |
| Jon Schliesing | |
| Joshua Metcalf | |
| Andrew Braun | |
| Shawn Kelly | |
| Gabriel Grout | |
| Brandon Knuth | |
| Joel Pucely | |
| George Peltz | |
| Matthew Kaminski | |
| Tyrone Barze | |
| John Owen III | |
| Souphaphone Daoheauang | |
| Marcus Ottney | |
| Mark Doll | |
| Aaron Pearson | |
| Kyle Schroeder | |
| Ryan O'Hara | |
| Michael Nordin | |
| Alexandra Dubay | |
| Paul Huynh | |
| Austin Seely | |
| Steven Laux | |
| Michael Osbeck, Jr. | |
| Conan Hickey | |
| Peter Bacon | |
| Dustin Schwarze | |
| Rian Jensen | |
| Lucas Peterson | |
| Joshua Rick | |
| Ryan Kelly | |
| Chris Smith | |
| Zachary Seraphine | |
| Michael Osbeck, Jr. | |
| Chaz Wilson | |
| John Biederman | |
| Zakari Ketchmark | |
| Matthew Cashin | |
| Mark Doll | |
| Darcy Klund | |
| Brian Anderson | |
| Davis Muller | |

| Description of document(s) | Bates number(s) |
|---|---|
| Christopher Pickhardt<br>Chris Smith<br>Jerome Carey<br>Mark Ringgenberg<br>Matthew Lindquist | |

C.      A computation of all damages claimed by the City Defendants, including materials bearing on the nature and extent of injuries suffered.

Not applicable.

D.      Any insurance agreement which may cover all or part of the judgment or to indemnify or reimburse payments made to satisfy the judgment.

The City of Minneapolis is self-insured.

City Defendants make these disclosures based on information reasonably available

to them at this time.  City Defendants will supplement these disclosures as appropriate.

Dated:  April 20, 2021                    JAMES R. ROWADER, JR.
                                          City Attorney
                                          By  *s/Kristin R. Sarff*
                                          KRISTIN R. SARFF (388003)
                                          SHARDA ENSLIN (389370)
                                          HEATHER ROBERTSON (390470)
                                          Assistant City Attorneys
                                          Minneapolis City Attorney's Office
                                          350 South Fifth Street, Room 210
                                          Minneapolis, MN 55415
                                          (612) 673-3919
                                          (612) 673-2180
                                          (612) 673-3949
                                          kristin.sarff@minneapolismn.gov
                                          sharda.enslin@minneapolismn.gov
                                          heather.robertson@minneapolismn.gov

                                          *Attorneys for Defendants City of*
                                          *Minneapolis and Minneapolis Chief of*
                                          *Police Medaria Arradondo, in his official*
                                          *capacity*