UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LINDA TIRADO, | Case No. 20-cv-1338 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF MINNEAPOLIS; MEDARIA ARRADONDO, *Minneapolis Chief of Police in his official capacity*; ROBERT KROLL, *in his individual capacity*; and MINNEAPOLIS POLICE OFFICERS JOHN DOES 1-4, *in their official and individual capacities*, | |
| Defendants. | |

This matter came before the Court on Monday, December 20, 2021, for a hearing on Plaintiff Linda Tirado's Motion to Amend Scheduling Order (Dkt. No. 102). John Plotz, Margaret Allen, Gaëlle Tribié, John Baker, and Nicholas Scheiner, Esqs., appeared for Plaintiff Linda Tirado. Kristin Sarff, Esq., appeared for Defendant City of Minneapolis. Joseph Kelly, Esq., appeared for Defendant Robert Kroll. The Court grants in part and denies in part the motion, as set forth below. This is Plaintiff's third request for an extension of the discovery deadlines.

A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). District of Minnesota Local Rule 16.3

also governs modifications to a scheduling order. "A party that moves to modify a scheduling order must: (1) establish good cause for the proposed modification: and (2) explain the proposed modification's effect on any deadlines." D. Minn. LR 16.3(b). If the party asks to modify any discovery deadlines, "the party must also: (1) describe what discovery remains to be completed; (2) describe the discovery that has been completed; (3) explain why not all discovery has been completed; and (4) state how long it will take to complete discovery." D. Minn. LR 16.3(c).

Plaintiff claims that she has been diligent in attempting to meet the deadlines to complete discovery and to add parties,[1] but blames the City of Minneapolis ("City") of delaying discovery that would help her identify four police officers allegedly responsible for shooting her with a 40 millimeter projectile on May 29, 2020, causing severe and permanent injuries, including the loss of an eye. Those officers are sued as Defendant John Does 1–4. In particular, Plaintiff wants records of which officers were present or nearby when she was injured, who were also carrying or were trained to carry the 40mm less-lethal projectile launcher that fired the round that struck her. Until recently, Plaintiff believed the City had responsive documents that it had not yet disclosed. To allow for this additional discovery, Plaintiff is seeking a six-month extension of all deadlines in the pretrial schedule.

The City responds that Plaintiff has had in her possession for months the police reports, report supplements, and body-worn camera footage from which she

---

[1] The deadline to add parties expired on December 3, 2021, and the deadline for fact discovery is January 31, 2022.

could ascertain the identity of the officers present or nearby when she was injured, and who carried or were trained to carry less-lethal projectile launchers. The City represents there is no additional written discovery to produce relevant to those issues. The City and Defendant Kroll observe that Plaintiff could have filed a motion to compel any purportedly missing discovery months ago, but failed to do so.

The Court finds that Plaintiff has been somewhat diligent in attempting to meet the current deadlines. On one hand, she believed until recently that the City may have additional documents from which she could ascertain the identity of officers who were carrying or who were trained to carry the type of projectile launcher with which she was shot. On the other hand, Plaintiff did not fully review the documents and camera footage that had been in her possession for months and, according to the City, contain the very information she seeks. The Court is also concerned by Plaintiff's repeated requests to amend the pretrial schedule; as noted, this is her third such request. Based on these considerations and all of the circumstances of this case, the Court finds good cause to modify the pretrial schedule to a limited extent.

With respect to the discovery that remains to be completed, the only such discovery identified by Plaintiff at the hearing are eleven additional officer depositions,[2] which she proposed to the City in an email sent at 6:00 p.m. on Sunday, December 19, 2021—the eve of the motion hearing—and an anticipated document

---

[2] Plaintiff has already taken six depositions, and the original Pretrial Scheduling Order provides for ten depositions. (Dkt. No. 74.)

production by the City in mid-January 2022. Whether Plaintiff should be allowed to take more than ten depositions is not before the Court, but in any event, the Court believes that the parties can complete the remaining depositions—whether four or eleven in number—by March 3, 2022. That extension will also allow Plaintiff to review any documents produced in mid-January. The Court expects counsel for all parties to prioritize discovery in this case and work collaboratively to complete the depositions and any remaining written discovery by the extended deadline.

To accommodate the extended discovery deadline, the Court will also extend the deadline to amend pleadings to February 3, 2022, and the deadline for nondispositive motions to March 8, 2022. The Court does not find good cause to modify the other deadlines in the pretrial schedule, however. Those deadlines need not be extended to accommodate the extensions granted herein.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Scheduling Order (Dkt. No. 102) is **GRANTED in part** and **DENIED in part**, as follows:

1. The deadline to amend pleadings, add parties, or seek punitive damages is extended to **February 3, 2022**.

2. The close of fact discovery is extended to **March 3, 2022**.

3. The deadline for nondispositive motions is extended to **March 8, 2022**.

4. All other deadlines in the Second Amended Scheduling Order (Dkt. No. 96) remain in full force and effect.

5. **No further extensions will be granted.**

6. The complete Third Amended Pretrial Schedule is set forth below.

| Event | Date |
|---|---|
| Amend Pleadings to Add Additional Parties or Include Punitive Damages | February 3, 2022 |
| Close of Fact Discovery | March 3, 2022 |
| Settlement Conference | February 16, 2022 |
| Non-Dispositive Motions (Not Relating to Expert Discovery) | March 8, 2022 |
| Rule 35 Medical Exam | March 9, 2022 |
| Identify Experts (Plaintiff) | March 11, 2022 |
| Expert Disclosures (Plaintiff) | March 22, 2022 |
| Identify Experts (Defendants) | May 13, 2022 |
| Expert Disclosures (Defendants) | June 13, 2022 |
| Identify Rebuttal Experts (Plaintiff) | July 14, 2022 |
| Rebuttal Expert Disclosures (Plaintiff) | July 25, 2022 |
| Close of Expert Discovery | August 24, 2022 |
| Non-Dispositive Motions (Relating to Expert Discovery) | September 7, 2022 |
| Motions for Summary Judgment | October 28, 2022 |
| Trial | January 23, 2023 |

Dated: December 21, 2021

s/ John F. Docherty
JOHN F. DOCHERTY
United States Magistrate Judge