### IN THE UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF MINNESOTA

**LINDA TIRADO,**

**Plaintiff,**

**v.**

**CITY OF MINNEAPOLIS,** *et al.*,

**Defendants.**

**Case No.: 20-CV-1338 (JRT/JFD)**

### <u>DECLARATION OF LEITA WALKER</u>

I, Mary Andreleita ("Leita") Walker, under penalty of perjury and subject to 28 U.S.C. § 1746, declare as follows:

1.       I am an attorney licensed to practice in the State of Minnesota. I represent non-party journalist Andrew Mannix and his employer Star Tribune Media Company LLC in relation to the above-captioned matter. I have personal knowledge of the matters set forth herein, and I make this declaration in support of Mannix's Motion to Quash City Defendants' Improper Third-Party Subpoena (Dkt. 166).

2.       Attached hereto as Exhibit A is a true and correct copy of the Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action as served on Mannix on March 16, 2022.

3.       Attached hereto as Exhibit B is a true and correct copy of the March 23, 2022 letter which I sent to counsel for City Defendants on behalf of Mannix and Maxwell Nesterak, responding to City Defendants' subpoenas to both. Nesterak subsequently engaged separate counsel.

4.      Attached hereto as Exhibit C is a true and correct copy of email correspondence I received from counsel for City Defendants on March 23, 2022, requesting to meet and confer regarding City Defendants' subpoena to Mannix.

5.      Along with my colleague Isabella Salomão Nascimento, I participated in a phone call with counsel for City Defendants regarding their subpoena on March 25, 2022.

6.      At this meeting, I asked counsel for City Defendants to explain the relevance of Mannix's deposition testimony and the requested documents to Plaintiff Linda Tirado's new claim for injunctive relief and the limited scope of additional discovery permitted by the Court's February 24 decision.

7.      I further explained that Mannix is neither a plaintiff nor a putative class member, as Tirado's lawsuit is not a class action; that Mannix is a Minneapolis resident and is therefore not deterred from visiting Minneapolis, as required to satisfy the Court's February 24 Order; and that Mannix continues to work full time for Star Tribune as a journalist assigned to report on local law enforcement, including the Minneapolis Police Department.

8.      I pointed City Defendants to the fact that they served Mannix with the subpoena at his Minneapolis home address and that Mannix has written hundreds of articles under his byline since May 2020, which are publicly available on Star Tribune's website—both of which evidence that Mannix has not been deterred from visiting Minneapolis since the George Floyd protests.

9.      I proposed that, in lieu of testimony or document production by Mannix, Star Tribune could provide a declaration attesting to the fact that Mannix remains in its employ.

10.     In response, counsel for City Defendants offered to drop the request for documents in the subpoena provided that Mannix would voluntarily appear for his noticed

2

deposition and provide testimony on what she referred to as his "experience" of being shot by the police and how it has "affected him."

11.     Counsel for City Defendants admitted that it is not disputed that Mannix was shot by police.

12.     Either I or Ms. Nascimento asked counsel for City Defendants how many out-of-town journalists City Defendants had subpoenaed since the February 24 hearing. Counsel for City Defendants admitted to subpoenaing only local journalists (Mannix, Nesterak, and Jared Goyette), despite the Court's clear directive that, if appropriate, City Defendants were permitted to depose "other journalists who claim that they are deterred from visiting Minneapolis before of fear of police."

13.     Mannix declined to voluntarily be deposed in this case, and City Defendants offered no other solution to avoid burdensome motion practice or to narrow the subpoena.

14.     Attached hereto as Exhibit D is the email correspondence exchanged after counsels' March 25 meet and confer regarding City Defendants' Subpoena to Mannix, as well as Mannix's Objections to City's Defendants' Subpoena to Third-Party Journalist Andrew Mannix.

15.     Attached hereto as Exhibit E is a true and correct copy of the transcript from the April 4, 2022 deposition of third-party journalist Jared Goyette.

16.     In a last attempt to avoid motion practice, I asked counsel for City Defendants whether they had conferred with counsel for Tirado about a stipulation that Mannix was shot with a rubber bullet and that he remains employed by Star Tribune. Counsel for City Defendants never acknowledged or responded to this question.

I declare under penalty of perjury that the foregoing is true and correct.

3

Dated: April 8, 2022

s/Leita Walker
Leita Walker