# Exhibit B



March 24, 2022

**VIA E-MAIL**

**PERSONAL AND CONFIDENTIAL**

Heather Robertson
Minneapolis City Attorney's Office
350 South Fifth Street, Suite 210
Minneapolis, MN 55415
heather.robertson@minneapolismn.gov

Re:   *Linda Tirado v. City of Minneapolis et al.*, 20-cv-1338 (JRT/JFD)
      Subpoena to Appear for a Deposition and Produce Documents (Nesterak)

Dear Ms. Robertson:

As you know, this firm now represents the Minnesota Reformer, an affiliate of States Newsroom, and its reporter, Maxwell Nesterak. This correspondence is to supplement the previous objection letter sent on March 23, 2022.

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, Mr. Nesterak, by and through his undersigned counsel, hereby objects to the Subpoena dated March 18, 2022 ("Subpoena"), as follows:

1. Mr. Nesterak objects to the Subpoena (both the request to produce documents and the request to appear for a deposition) on the grounds the Subpoena imposes unreasonable and undue burden and expense on Mr. Nesterak and fails to comply with the requirement in Fed. R. Civ. P. 45(d)(1) to avoid such burden and expense. In support of this objection, Mr. Nesterak notes that the Subpoena was served upon him on or about March 18, 2022 with an unreasonably short return date given the far-reaching requests.

2. Mr. Nesterak objects to the Subpoena, and each of the Requests in it, on the grounds, and to the extent, it seeks the production of documents and information that are not reasonably related to any of the claims or defenses asserted by the parties in the above-captioned matter or any related proceeding, are not proportional to the needs of the case, and are otherwise beyond the scope of discovery as provided in Fed. R. Civ. P. 26(b)(1). In particular, and without prejudice to Mr. Nesterak's right to raise other issues, Mr. Nesterak notes that the Subpoena seeks extensive information regarding personal communications that relate to protests, riots, members of the press, or law enforcement actions between May 26, 2020 and May 31, 2020. Such a broad request encompasses information not relevant to this matter.

3.  Mr. Nesterak objects to this Subpoena, and each of the Requests in it, on the grounds, and to the extent, its seeks privileged information.

March 24, 2022
Page 2

4. Mr. Nesterak objects to the Subpoena insofar as it purports to require him to incur burdens and expense with respect to electronically stored information ("ESI") that are beyond those envisioned in Fed. R. Civ. P. 45(e).

5. Mr. Nesterak reserves the right to make any other and further objections to the Subpoena as may be permitted pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure or any other applicable provision. Citations or references to particular definitions, instructions, rules of construction, or requests do not constitute a waiver of any and all objections Mr. Nesterak has, or may interpose in the future, to any definitions, instructions, rules of construction and/or requests not cited herein.

I would like to resolve the matter amicably and without unnecessarily burdening the Court. To that end, I look forward to our discussion today regarding this matter.

Sincerely,

[Sent by E-Mail]

**Megan J. Renslow**
Attorney at Law
P: (612) 877-5450   F: (612) 877-5076
Megan.Renslow@lawmoss.com