UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Linda Tirado, | Ct. File No. 20-CV-01338 (JRT-ECW) |
| Plaintiff, | **DECLARATION OF HEATHER ROBERTSON IN OPPOSITION TO THIRD PARTIES' MOTION TO QUASH SUBPOENA** |
| v. | |
| City of Minneapolis; Interim Minneapolis Chief of Police Amelia Huffman, *in her official capacity*; Robert Kroll, *in his individual capacity*; Andrew Braun, *in his individual and official capacities*, and Minneapolis Police Department Officer John Doe 1, *in his official and individual capacities*, | |
| Defendants. | |

Your Declarant is Heather P. Robertson, and she submits the following declaration on behalf of the Defendant City of Minneapolis, Chief Amelia Huffman, and Officer Andrew Braun:

1. I am an Assistant City Attorney with the Minneapolis City Attorney's Office. I am one of the attorneys assigned to represent the Defendants City of

Minneapolis, Chief Amelia Huffman, and Officer Andrew Braun. I submit this declaration in opposition to Third Parties' Motion to Quash Subpoenas.

2. Attached as Exhibit A is a true and correct copy of City Defendants' email dated March 1, 2022, serving discovery requests on Plaintiff related to Plaintiff's newly-requested injunctive relief.

3. Attached as Exhibit B is a true and correct copy of City Defendants' Second Set of Interrogatories to Plaintiff served on March 1, 2022.

4. Attached as Exhibit C is a true and correct copy Plaintiff's email dated March 14, 2021 at 9:41 p.m. serving responses the City Defendants' Second Set of Interrogatories.

5. Attached as sealed Exhibit D is a true and correct copy of Plaintiff's Responses to City Defendants' Second Set of Interrogatories.

6. City Defendants did not have time to serve subpoenas on various news agencies to force them to disclose the home addresses of specific journalists and knew that simply asking a company, especially a news organization, to divulge the contact information of journalists would be fruitless. Searching for the addresses of these journalists, based only on their names, who may or may not have lived in the same city or state as the news organization identified, was not useful.

7. City Defendants attempted service on the address given for Austin Dalton, but were unable to effect service as he was, according to his twitter feed and neighbors, gone on an assignment.

8. City Defendants served the subpoenas on Mr. Mannix and Mr. Nesterak on March 16, 2022, less than 48 hours after receiving Plaintiff's belated discovery responses.

9. On March 17, 2022 the City attempted service on Mr. Goyette, and Mr. Dalton.  Mr. Goyette's attorneys agreed to accept service on his behalf.  Mr. Dalton was never able to be served.

10. The deposition for Mr. Goyette was scheduled for March 31, 2022.

11. Attached as Exhibit E is a true and correct copy of an email exchange between counsel for City Defendants and counsel for Mr. Mannix which occurred on March 23, 2022.

12. Attached as Exhibit F is a true and correct redacted copy of an email exchange between counsel for City Defendants and counsel for Mr. Nesterak which occurred between March 23 and March 24, 2022.

13. Counsel for City Defendants and Counsel for Mr. Nesterak spoke on March 24, 2022, approximately an hour after counsel for Mr. Nesterak had sent an email with objections to the subpoena (that attachment containing objections was submitted by Mr. Nesterak as ECF Doc. 174-2).

14. At the March 24, 2022 meet-and-confer, counsel for City Defendants was given to understand that Mr. Nesterak would indeed attend the deposition on March 29, 2022 to talk about his personal experiences with law enforcement from May 26-May 31, 2020. Additionally, counsel spoke about the scope of document requests and, in order to facilitate agreement, City Defendants noted that they were particularly interested in having native versions of the photographs that Mr. Nesterak posted on Twitter at the time he posted about his injury. Counsel for Mr. Nesterak agreed to give further information on whether any documents would be produced the next day.

15. Attached as Exhibit G is a true and correct copy of an email sent by counsel for City Defendants to counsel for Mr. Nesterak which included a copy of the governing Protective Order in this action.

16. Attached as Exhibit H is a true and correct copy of an email sent by counsel for City Defendants to counsel for Mr. Nesterak on March 25, 2022.

17. On March 25, 2022, counsel again met-and-conferred by phone. While counsel represented that Mr. Nesterak did not believe he had any documents responsive to the subpoena he was still going to check if he had anything relevant which was not privileged, additionally the parties discussed the idea of him checking the timestamp of the photographs he posted on Twitter to determine when they were taken.

18. Attached as Exhibit I is a true and correct copy of an email sent by City Defendants to Plaintiffs regarding the status of depositions on March 25, 2022.

19. On March 28, 2022, at 1:53 p.m., counsel for Mr. Nesterak called counsel for City Defendants and stated that if the City did not withdraw its subpoena that Mr. Nesterak would be filing a motion to quash. Surprised by this sudden change of course, counsel for the City merely stated that they did not plan to withdraw the subpoena. Mr. Nesterak's counsel had no further compromises to offer or discuss.

20. Counsel for City Defendant's phone records show that the call with counsel for Mr. Nesterak at 1:53 p.m. on March 28, 2022 lasted 54 seconds.

21. Attached as Exhibit J is a true and correct copy of the email sent to counsel for City Defendants by counsel for Mr. Nesterak which included as an attachment the correspondence submitted by Mr. Nesterak as ECF Doc. 174-3.

22. On the March 24, 2022 meet-and-confer call with counsel for Mr. Mannix, counsel for City Defendants explained that, for the purposes of this deposition, City Defendants were not there to debate with Mr. Mannix about whether he was hit with a projectile. City Defendants were given information that Mr. Mannix had posted publicly on Twitter that he was hit with a projectile on May 26, 2020, and the City wanted information about that incident and any other experiences that Mr. Mannix had with law enforcement, as a journalist, from May

26, 2020-May 31, 2020, and what effect that had on him, if any. In order to facilitate resolution of the issue, counsel for City Defendants offered to withdraw the subpoena duces tecum if Mr. Mannix appeared for the deposition.

23. Attached as Exhibit K is a true and correct copy of an excerpt of an email exchange between counsel for City Defendants and counsel for Mr. Mannix, and the exchange occurred on March 28, 2022.

24. Mr. Goyette agreed to be deposed, but asked that the deposition take place on April 4, 2022 and indicated that counsel could not continue the deposition beyond 11:45 a.m. City Defendants agreed to conduct the deposition on that date and under those time constraints.

25. Attached as Exhibit L is a true and correct excerpt from the transcript of the March 22, 2022, Rule 30(b)(6) deposition of the City of Minneapolis.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Signed in Ramsey County, Minnesota.

Dated: April 15, 2022                     */s Heather P. Robertson*
                                          Heather P. Robertson